537 So.2d 443 (1989)
Lyndia BURKETT
v.
Earl D. BURKETT, Jr.
No. 58143.
Supreme Court of Mississippi.
January 4, 1989.
*444 Mignon A. Mestayer, Ferrell & Hubbard, Jackson, for appellant.
John C. McLaurin, Jr., McLaurin & McLaurin, Brandon, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case asks that we consider the time limitations within which a defendant must act in order to obtain relief from a judgment or order under Rule 60(b), Miss.R.Civ. P. In the context of a judgment by default, Earl Burkett made his application for relief seven months and eight days following entry of the judgment against him. Rule 60(b)(6) authorizes relief from judgment on grounds of "any other reason justifying relief" upon motion "made within a reasonable time." The Chancery Court held that the present motion was made within a reasonable time. We affirm.

II.
Lyndia Burkett and Earl D. Burkett, Jr., were married on October 7, 1961, and divorced on June 10, 1976. Three children were born of the marriage. Pursuant to the court-approved separation agreement Earl was required to pay Lyndia $305.60 per month in child support, maintain medical insurance for the children and make the mortgage payments on the house. Soon after the parties divorced, however, Earl moved back into the house and the couple again began cohabitation as man and wife. During this time both Earl and Lyndia were employed and contributed to the support of the family unit in general and the three children in particular.
In February of 1984, Lyndia moved out of the couple's home. At that time the Burketts' oldest child, Earl Burkett III, was 22 years old and self-supporting. The couple's second child, Gwendolyn Mavis Burkett, was married and living in Louisiana. The youngest child, Terri Burkett, was a college student at Southern Mississippi.
On July 25, 1985, Lyndia filed in the Chancery Court of Rankin County a complaint for a citation of contempt. She charged Earl with failure to pay any of the child support obligations pursuant to the 1976 divorce decree. Although Earl was served with process, he did not respond or appear. On September 13, 1985, the Court entered a judgment by default. The total amount of this judgment was $31,737.04, consisting of past due child support, medical insurance and mortgage payments for the nine-year period.
Armed with this judgment Lyndia began to garnish Earl's wages and in this manner collected some $3,915.47 before Earl quit his job in March, 1986. Immediately, Lyndia filed another "Complaint for Citation of Contempt". This time Earl hired a lawyer and on April 21, 1986, filed an answer. In his answer Earl prayed that the September 13, 1985, default judgment be set aside on the grounds that the judgment was "onerous, burdensome, oppressive, unjust and inequitable". Earl further alleged that the judgment was obtained through fraud and perjured testimony.
On August 20, 1986, the Chancery Court called the matter for hearing and was informed for the first time of the couple's post-divorce cohabitation and of the extent of Earl's contributions toward the support of the children. In this setting the Court ruled that Earl had substantially satisfied his child support obligations for that period of time. Because of these new facts, the Court set aside the default judgment of September 9, 1985, reforming the judgment to take into account the contributions of the husband during the previous nine years. In net effect, the Court reduced Earl's judgment debt to an effective total *445 of $18,407.17. After then giving credit for the $3,915.47 which had been withheld from his salary via garnishment, the Court entered judgment in favor of Lyndia and against Earl in the amount of $14,491.70.
Lyndia now appeals claiming that by reason of Earl's tardy application, the Court had no authority to vacate the default judgment.

III.
Our concern is whether the Chancery Court acted within the discretionary authority granted to it by Rule 60(b), Miss.R. Civ.P. That rule, in pertinent part, reads as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
* * * * * *
(4) the judgment is void;
* * * * * *
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken... .
Lyndia argues that Earl's motion was one made under Rule 60(b)(1) and, accordingly, that it was subject to the six-month time limitation found in the rule. Without doubt, the Court had no authority to grant relief from the judgment if the grounds therefor were "fraud, misrepresentation or other misconduct of an adverse party." But these are not the grounds upon which the Court acted. Indeed, in the Order of September 16, 1986, vacating the prior judgment  an order, we might add, prepared by counsel in accordance with custom and practice  the Court deleted two typed-in statements that indicated that relief would be granted under Rule 60(b)(1). We can imagine no clearer expression that the Court was not acting on any of the grounds contained in Rule 60(b)(1).
After the enumerated grounds of subsections 1 through 5, Rule 60(b)(6) provides that the court may relieve a party from a final judgment or order for "any other reason justifying relief from the judgment," and the motion "shall be made within a reasonable time." Most assuredly this is not grounds from the escape of the six-month time limitation upon motions made under Rule 60(b)(1), (2) and (3). Where the grounds of those three subsections are the basis for action, the court is without authority if the motion is not made within the six-month time period.
Rule 60(b)(6), which is taken from an analogous federal rule, is designed for cases of extreme hardship not covered under any of the other subsections. See, e.g., United States v. Karahalias, 205 F.2d 331 (2d Cir.1953). We have referred to this catch-all as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief." Bryant, Inc. v. Walters, 493 So.2d 933, 939 (Miss. 1986). See also Accredited Surety and Casualty Company, Inc. v. Bolles, 535 So.2d 56, 60 (Miss. 1988).
Acknowledging the broad equitable powers Rule 60(b) vests in our trial courts, this Court has adopted a balancing test approach respecting relief from a judgment which has been entered by default.
Specifically, the Circuit Court is directed to consider (1) the nature and legitimacy of defendant's reasons for his default, i.e., whether the defendant has good cause for default, (2) whether defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.
* * * * * *
Necessarily, the Circuit Court in its administration of this balancing test has a certain amount of leeway. Rule 60(b) *446 provides that the court "may relieve a party" of the burden of a final judgment for one of the six reasons thereafter enumerated. When we are reviewing such a matter, we consider that the Circuit Court has not inconsiderable discretion, though not unfettered discretion. We will not reverse unless convinced that the Circuit Court has abused its discretion in the premises. See Pointer v. Huffman, 509 So.2d [870], at 875 [(Miss. 1987)]; Guaranty National Insurance Co. v. Pittman, 501 So.2d [377], at 388-89 [(Miss. 1987)]; Bryant, Inc. v. Walters, 493 So.2d at 937-39.
H & W Transfer & Cartage Service v. Griffin, 511 So.2d 895, 898 99 (Miss. 1987).
Applying the above-enumerated factors to the situation before the Court today, with due regard for this Court's standard of review, one is led to conclude that the Chancery Court did not abuse its discretion in setting aside its prior order.
Lyndia cites Donaldson v. Pontotoc County Welfare Department, 445 So.2d 1377 (Miss. 1984) wherein this Court refused to set aside a judgment under Rule 60(b)(6) where the defendant had argued that he was illiterate, could not read and write and did not know the significance of the process served upon him. Counsel fails to perceive the limited value of such precedents where our appellate review is of the exercise of trial court discretion. In Donaldson, we affirmed the refusal to set aside the judgment. Like as not, we would also have affirmed in Donaldson if the court below had set aside the judgment, although the point is not before us.
When we say that the trial court has discretion in a matter, we imply that there is a limited right to be wrong.[1] At the very least the statement imports a view that there are at least two different decisions that the trial court could have made each of which on appeal must be affirmed.[2] Indeed, if there are not at least two possible affirmable decisions, by definition the trial court is without discretion. When we review on appeal the decision of a trial court within the discretion vested in it, we ask first if the court below applied the correct legal standard. See Detroit Marine Engineering v. McRee, 510 So.2d 462, 467 (Miss. 1987); Croenne v. Irby, 492 So.2d 1291, 1293 (Miss. 1986). If so, we then consider whether the decision was one of those several reasonable ones which could have been made.
These thoughts in mind, we return to the H & W Transfer balancing test cited above  a balancing test, we might emphasize, that is to be applied at the trial court level, and not by this Court on appeal.
First, Earl has no excuse for his default. The record does reflect that at the time he was actively negotiating with his wife's attorney regarding alimony, child support and partition of the couple's jointly-held property before and after the order was entered. Earl did not realize the gravity or import of his wife reducing the past-due obligation to judgment  an obligation which had lain dormant since it was fixed nine years previous. The circumstances ameliorate Earl's lack of excuse.
Second, Earl has a colorable (partial) defense to his wife's claim for past-due child support payments  he had in significant part satisfied that obligation. In Alexander v. Alexander, 494 So.2d 365 (Miss. 1986), this Court held that a non-custodial parent effectively discharges his child support obligations by directly supporting the child. That is, he is entitled to credit for the amount of support directly given to the child when the custodial parent sues for any arrearage.
Third, Lyndia sustained no cognizable prejudice. There is no evidence that she was without evidence that would have been available to her had Earl not defaulted. She had no witnesses whose lapse of memory put her at a disadvantage when the matter was finally litigated. What turned *447 this case below was the revelation of the parties' post-divorce cohabitation and Earl's proof that his child support obligation was in fact discharged during the period of claimed arrearage. The facts of the continued cohabitation and the emancipation of two of the three children were not before the Court when the September 1985 judgment was entered, Lyndia claiming that "it wasn't asked." "Indeed, upon a showing by the defendant that he has a meritorious defense, we would encourage trial judges to set aside default judgments in a case where, as here, no prejudice would result to the plaintiff." Bryant, Inc. v. Walters, 493 So.2d 933, 937 n. 3 (Miss. 1986); see also Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 388 (Miss. 1987).
The Chancery Court acted with the discretionary authority conferred by Rule 60(b)(6) when it held that Earl's motion, filed as it was some seven months and eight days after entry of the default judgment, was filed "within a reasonable time." Equally within the Court's discretion was its order modifying Earl's past due support obligations to give credit for the support he in fact provided the children and to account for the emancipation of two of the three.
AFFIRMED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
HAWKINS, P.J., and ZUCCARO, J., specially concur.
PRATHER, J., not participating.
HAWKINS, Presiding Justice, specially concurring:
I concur. The majority opinion fails to recall, however, that the dissent in Hooten v. State, 492 So.2d 948 at 950 (Miss. 1986), addresses the meaning of discretion as well.
ZUCCARO, J., joins this opinion.
NOTES
[1] See Rosenberg, Appellate Review Of Trial Court Discretion, 79 F.R.D. 173, 176 (1975); Rosenberg, Judicial Discretion Of The Trial Court, Viewed From Above, 22 Syracuse L.Rev. 635, 653 (1971).
[2] See Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 754 (1982).