# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CA-01073-SCT

**WILLIAM C. HARDEE, INDIVIDUALLY AND AS NATURAL FATHER AND NEXT FRIEND OF KEVIN HARDEE, A MINOR**

**v.**

**RANKIN COUNTY SCHOOL DISTRICT**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/94 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KARLA J. PIERCE |
| | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEE: | FRED M. HARRELL, JR. |
| | ROBERT R. RESTER, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 4/17/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/3/97 |

**BEFORE DAN LEE, C.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

On January 9, 1986, defendant Wally Hall, Head Baseball Coach at Northwest Rankin Attendance Center instructed his players to take out their frustrations by imitating a strikeout and slinging their bats violently against the batting cage. Due to misting rain, the bats were slippery and difficult to grasp. In due course, a bat slipped out of a player's hand and struck Kevin Hardee in the face, breaking his nose and shattering several teeth and knocking him unconscious. Hardee was rushed to the hospital and treated. He consequently required surgery to correct broken bones, dental treatment to correct the shattered teeth, and medical treatment to repair lacerations on his head and face.

On March 7, 1991, William C. Hardee, the father and nearest friend of Kevin Hardee, a minor, filed a tort claim against Northwest Rankin Attendance Center and Wally Hall asserting that Kevin Hardee

received injuries because of the negligence of Wally Hall, an employee of Northwest Rankin Attendance Center. Hardee served notice upon Northwest Rankin Attendance Center by delivering a summons to Ms. Susan Monsur, the principal of Northwest Rankin Attendance Center. On August 8, 1991, the Hinds County Circuit Court enrolled an entry of default against Northwest Rankin Attendance Center. On October 8, 1991, a final judgment was entered against Northwest Rankin Attendance Center.

On April 29, 1992, Hardee obtained a writ of garnishment against Rankin County School District and Trustmark Bank suggesting that each had assets of Northwest Rankin Attendance Center. On June 11, 1992, the Rankin County School District filed a Motion to Set Aside Entry of Default and Final Judgment. On October 6, 1992, The Hinds County Circuit court set aside the Default and Final Judgment finding that "Northwest Rankin Attendance Center" was not a legal entity and, therefore, "service upon its principal was ineffective to confer this Court's personal jurisdiction over the real party in interest, Rankin County School District."

Hardee then amended his complaint to include Rankin County School District. On September 14, 1994, the Hinds County Circuit Court granted the Rankin County School Districts' Motion for Summary Judgment dismissing the complaint of William C. Hardee. The Circuit Court found that as a political subdivision of the State of Mississippi, the Rankin County School District, including its Superintendent and Board of Trustees, is immune under sovereign immunity as applied by this Court in *Presley v. Mississippi State Highway Comm'n*, 608 So. 2d 1288 (Miss. 1992) and *Coplin v. Francis*, 631 So. 2d 752 (Miss. 1994). The Circuit Court specifically stated that it did not base its finding of sovereign immunity on Miss. Code Ann. § 11-46-1 *et. seq.* (Supp. 1993). On appeal before this Court, William C. Hardee assigns as error the following issues.

> *I. Whether the trial court erred in setting aside default judgment.*
>
> *II. Whether sovereign immunity extends to the Rankin County School. District*
>
> *A. Whether the trial court erred in dismissing the Rankin County School District on the bases of Sovereign Immunity without Applying Miss. Code Ann. § 11-46-3 (Supp. 1993).*
>
> *B. Whether Miss. Code Ann. § 11-46-1, et. seq., (Supp. 1994) unconstitutionally violates the Separation of Powers Doctrine.*
>
> *C. Whether the law to be applied in the absence of a constitutional statutory grant of sovereign immunity is the common law, under which sovereign immunity no longer exists.*

## DISCUSSION

*I. Whether the trial court erred in setting aside default judgment.*

**Standard of Review**

This Court has adopted a three prong balancing test which trial courts should apply in determining whether a default judgment should be dismissed. These are:

> (1) the nature and legitimacy of defendant's reasons for his default, i.e., whether the defendant

has good cause for default;

(2) whether defendant in fact has a colorable defense to the merits of the claim; and

(3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.

***Chassaniol v. Bank of Kilmichael***, 626 So. 2d 127, 134 (Miss. 1993);

> Default judgments are never favored and relief should be granted when there is a showing within the rules. ***Guaranty National Ins. Co.*** 501 So. 2d 377, 387-88 (Miss. 1987). The determination whether to vacate such a judgment is addressed to the discretion of the trial court. ***Bailey v. Georgia Cotton Goods Co.***, 543 So. 2d 180, 181 (Miss. 1989); ***Bryant, Inc. v. Walters***, 493 So. 2d 933, 936-37 (Miss. 1986). While the trial court has considerable discretion, this discretion is neither "unfettered" nor is it "boundless." ***Cannon v. Cannon***, 571 So. 2d 976 (Miss. 1990).

***Chassaniol***, 626 So. 2d at 134. However, on review, this Court first must ask "if the court below applied the correct legal standard. ***Burkett v. Burkett***, 537 So. 2d 443, 446 (Miss. 1989). "Indeed, upon a meritorious defense, we would encourage trial judges to set aside default judgments in a case where, as here, no prejudice would result to the plaintiff." ***Burkett***, 537 So. 2d at 447. This court must determine whether service upon Northwest Rankin Attendance Center was improper and therefore, a meritorious defense.

**Was improper service of process a colorable defense sufficient for setting aside a default judgment?**

At issue is whether Northwest Rankin Attendance Center is a separate legal entity for purposes of receiving service of process. Hardee asserts that Northwest Rankin Attendance Center is a separate legal entity and not merely a subdivision of the Rankin County School District. Therefore, the complaint filed against Northwest Rankin Attendance Center was sufficient, and the default judgment should have been enforced.

In the alternative, Hardee asserts that even if Northwest Rankin Attendance Center was not a separate legal entity, service upon the school's principal was sufficient notice upon Rankin County School District since she was a "member of the 'group' or 'body' responsible for the administration of the entity." Miss. R. Civ. P. 4(D)(8). Therefore, when the Rankin County School District failed to respond, they effectively waived their objection to the incorrectly named party.

Rankin County School District counters asserting that Northwest Rankin Attendance Center is nothing more than an attendance zone administered by the Rankin County School District, and as such can be abolished, moved, changed, or altered by the school board as changing educational needs require. Miss Code § 37-7-315 (1996)). Therefore, since the Rankin County School District, as the true party in interest, was not served with a summons nor a complaint, the trial court lacked personal jurisdiction. Furthermore, the school district asserts that service would be proper upon either the superintendent of the district or the school board; however, a principal of an attendance zone would be insufficient.

*Miss. R. Civ. P. 4(D)(8)* states that "[s]ervice by sheriff or process server shall be made as follows:"

> Upon any governmental entity not mentioned above, by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing that entity. Service upon any person who is a member of the 'group' or 'body' responsible for the administration of the entity shall be sufficient.

Miss. R. Civ. P. 4(D)(8).

**Is Northwest Rankin Attendance Center a separate legal entity?**

"Northwest Rankin Attendance Center" is merely a name attached to a group of school buildings, for identification purposes, which fall within the Northwest Rankin Attendance Center Zone which is administered by the Superintendent of Education and Board of Trustees of the Rankin County School District. Miss. Code Ann. § 37-7-315 (1996) provides:

> The School Board of any school district shall have the power and authority to designate the location for school buildings and attendance centers in the school district subject to its jurisdiction and to change, alter, or abolish the location of such school buildings and attendance centers from time to time as may be required by the educational needs of such district.

Miss. Code Ann. § 37-7-315 (1996). Furthermore, Rankin County School District and the Board of Trustees are legislatively created and endowed with the responsibility of administering the schools in their district. See Miss. Code Ann. § 37-5-1 (1996) and Miss. Code Ann. § 37-7-301 (1996). Included in that power, is the ability to "prescribe and enforce rules and regulations . . . for the government of the schools." *Id.*

The common layman might assume that one may sue a high school and the principal of the high school who administers to and runs the high school. The lay person probably is aware that a county or district school board exists for which the principal must answer. However, the principal represents and runs that particular school. The school board runs the entire school district. However, an attorney should and must distinguish between the powers of the school board and the school principal. Taught in law schools all over this grand country is the notion, "when in doubt, name them all." An attorney should intuitively, or at least defensively, name the school board and district, as well as the county and the State of Mississippi when attempting to sue a particular school located within a particular county within a particular school district.

Northwest Rankin Attendance Center is not a separate legal entity. In order to sue the high school, the plaintiff must name and sue the Rankin County School District. Since Hardee failed to name the Rankin County School District as a party, the trial court properly set aside the default judgment. Whether the principal constitutes an agent under Miss. Rules Civ. Pro. 4(d)(8) for purposes of sufficient service of process is irrelevant since Hardee failed to name the proper party, Rankin County School District.

**II. Whether sovereign immunity extends to the Rankin County School District**

> **A. Whether the trial court erred in dismissing the Rankin County School District on the**

*bases of Sovereign Immunity without Applying Miss. Code Ann. § 11-46-3 (Supp. 1993).*

*B. Whether Miss. Code Ann. § 11-46-1, et. seq., (Supp. 1994) unconstitutionally violates the Separation of Powers Doctrine.*

*C. Whether the law to be applied in the absence of a constitutional statutory grant of sovereign immunity is the common law, under which sovereign immunity no longer exists.*

This Court has repeatedly addressed the issue of the application of sovereign immunity to causes of action arising between *Pruett* and *Presley*. The case *sub judice* gives this court yet another opportunity. This court has clearly stated that "[w]hat observers should note is our consistency in refusing to apply *Presley* retroactively, as opposed to the means by which we achieved our end. What we have stated indirectly we now say directly. *Presley* has no retroactive application." *Robinson v. Stewart*, 655 So. 2d 866, 868 (Miss. 1995). It is therefore, in this writer's opinion, clear that sovereign immunity applied to the Rankin County School District when this cause of action arose in 1986.

This court, in *Pruett v. City of Rosedale*, 421 So. 2d 1046, 1051 (Miss. 1982). abolished the judicially created doctrine of statutory immunity. *Pruett*, 421 So. 2d at 1051. Soon thereafter, the Mississippi legislature enacted Ch. 495, Laws 1984 (Senate Bill No. 2441), approved May 15, 1984. This legislation created a detailed enactment covering all tort claims against the state. However, the act contained the provision that "[t]his act shall apply only to claims that accrue on or after July 1, 1985, as to the state, and on or after October 1, 1985, as to political subdivisions" and attempted to reinstate sovereign immunity as it existed prior to *Pruett*. *codified at* **Miss. Code Ann.** § 11-46-1, *et. seq.* In 1985, by Ch. 474, Laws 1985 (House Bill No. 983), the Legislature re-enacted the 1984 Act, but again postponed the effective date until October 1, 1986 for actions against subdivisions of the state. *See generally Presley v. Mississippi State Hwy. Com'n*, 608 So. 2d 1288, 1292 (Miss. 1992). Therefore, at the time the cause of action in the case *sub judice* accrued, sovereign immunity applied to the Rankin County School District.

The Mississippi legislature continued to postpone the waiver of sovereign immunity. However, in *Presley v. Mississippi State Hwy. Com'n*, 608 So. 2d 1288, 1292 (Miss. 1992), this Court stated that the act was unconstitutional since it attempted to revive law by reference. *Presley*, 608 So. 2d at 1297. In a plurality joined by four Justices, this court held that *Presley's* waiver of sovereign immunity would be proactive in application. *Id.* at 1300-1301. Justice Banks stated that "the State and its political subdivisions have relied upon a legislative response to our declaration in *Pruett* thought sufficient to immunize the public treasury." *Id.* At 1298.

The precedential value of part II of the *Presley* decision appeared questionable until *Robinson v. Stewart*, 655 So. 2d 866, 868 (Miss. 1995). *See Churchill v. Pearl River Basin Dev. Dist.*, 619 So. 2d 900, 904 (Miss. 1993)(stating that part II of *Presley* provided "no precedential value for a retroactive application"). However, this court consistently refused to find any retroactive application of *Presley. See Coplin v. Francis*, 631 So. 2d 752, 755 (Miss. 1994); *Morgan v. City of Ruleville*, 627 So. 2d 275, 278 (Miss. 1993); *Churchill*, 619 So. 2d at 940.

Due to this court's set refusal to find retroactive application of *Presley*, this court affirms the trial court's finding that sovereign immunity applied to Rankin County School District and over this cause

of action which accrued in 1986.

## CONCLUSION

Northwest Rankin Attendance Center is not a separate and independent legal entity. Due to the lack of independent authority to hire and fire its employees, lack of control over its funding or assets, and complete dependence upon the school board for all policy decisions, Northwest Rankin Attendance Center is merely a subdivision of Rankin County School District and as such has no ability to be sued. Failure to name Rankin County School District is fatal to this case. This Court's recent statements on sovereign immunity have been of the utmost clarity. This topic should not be revisited at this time. Therefore, this Court affirms the trial court's granting of summary judgment.

**AFFIRMED**.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS AND ROBERTS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**


    **McRAE, JUSTICE, DISSENTING:**

Because I disagree with the majority's assertion that service of process was insufficient and because this Court has already found unconstitutional a similar version of the Sovereign Immunity Act under question in this case, I must respectfully dissent.

M.R.C.P. 4(d)(8) allows service of summonses and complaints upon "any person who is a member of the 'group' or 'body' responsible for the administration of the entity." A school principal is by definition an administrative employee of a school district, and our entire educational scheme is based on its principals being a part of administration. Principals are empowered to make administrative decisions pertaining to the particular tenant school of which they are in charge, such as whether certificated or uncertificated employees will work. While it is true that the school board makes final hiring and firing decisions, principals are charged with the duty of recommending certificated employees or noninstructional employees to be employed for the school involved. Miss. Code Ann. § 37-9-17 (1996). Based on these administrative powers, the school principal is a member of the group or body responsible for the administration of the entity under M.R.C.P. 4(d)(8). Therefore, service upon the principal of Northwest Rankin Attendance Center was sufficient to put the Rankin County School District on notice, and the default judgment against the District should stand.

Additionally, the majority erroneously addresses whether this Court's ruling in ***Presley v. Mississippi State Hwy. Comm'n***, 608 So. 2d 1288 (Miss. 1992) should apply retroactively. Rather, the heart of this case is the constitutionality of Miss. Code Ann. § 11-46-1, as it existed in 1986. The statute in the case *sub judice* was similar to the statute that was in place in 1987, and we held in ***Presley*** that the 1987 statute was unconstitutional. ***Presley***, 608 So. 2d at 1296-97. ***Pruett v. City of Rosedale***, 421 So. 2d 1046 (Miss. 1982) abolished judicially created sovereign immunity and was to have prospective application beginning in 1984. However, the Legislature kept postponing the application of ***Pruett*** and tried to create immunity where there was none. That the incident in this case occurred in 1986, before ***Presley,*** is of no consequence, because the statute in place at the time of the incident

is being directly challenged now. This Court, in a properly presented issue, cannot now avoid stating that Miss. Code Ann. § 11-46-1, as it existed in 1986, is unconstitutional, when we have already said that a substantially similar statute was also unconstitutional. This Court cannot avoid the mandate of *Presley*.

It is for these reasons that I dissent. The summary judgment in favor of the Rankin County School District should be reversed and the original default judgment against it should be allowed to stand.