357 So.2d 126 (1978)
TOWN AND COUNTRY PLUMBING COMPANY, INC.
v.
DELTA REAL ESTATE DEVELOPMENT, INC., et al.
No. 50429.
Supreme Court of Mississippi.
April 5, 1978.
*127 Montgomery & Dulaney, Sim C. Dulaney, Jr., Canton, for appellant.
Banks, Nichols & Stewart, John A. Nichols, Jackson, for appellee.
Before PATTERSON, SMITH and WALKER, JJ.
WALKER, Justice, for the Court.
Suit was filed by Town and Country Plumbing Company in the Circuit Court of Madison County, Mississippi, seeking to enforce a construction lien which had previously been filed in the office of the chancery clerk of Madison County. Delta Real Estate, defendant, filed a motion to dismiss and to cancel the notice of construction lien, alleging that Town and Country was a foreign corporation which had not qualified to do business in Mississippi and therefore was not entitled to bring suit in state courts pursuant to Mississippi Code Annotated sections 79-3-211 and 79-3-247 (1972). The court granted the motion, dismissing the cause of action and cancelling the notice of construction lien.
The issue presented on appeal is whether Town and Country's payment of Mississippi Privilege Taxes alone is sufficient to entitle it to sue in state courts.
Town and Country is a plumbing company incorporated in the State of Tennessee. On September 14, 1974, Town and Country entered into a contract with Delta Real Estate and Development, Inc. to construct a plumbing system for a real estate development in Flora, Mississippi, called Pride Gardens. In its bill of complaint, Town and Country alleged the consideration for the contract was $65,000, that it had completed performance but that Delta Real Estate had not paid $21,670 remaining on the contract.
It is undisputed that Town and Country is a foreign corporation and that it was transacting business within the State of Mississippi.
Mississippi Code Annotated section 79-3-211 (1972) provides in pertinent part that: "No foreign business corporation for profit shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state." Section 79-3-247 provides in pertinent parts:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action suit or proceeding in any court of this state. Nor shall any action suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right claim or demand arising out of the transaction of business by such corporation in this state.
The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action suit or proceeding in any court of this state.
The major thrust of appellant's argument is not that these statutes are not applicable to him by their terms, but rather that he is *128 excused from the operation of the statutes by having paid Mississippi privilege taxes. It is undisputed that Town and Country did pay the contractor's privilege tax required by Mississippi Code Annotated section 27-15-33 (1972). That statute requires all persons who perform contracts in excess of $10,000 within this State to obtain a contractor's privilege license and specifies the price, $75. That statute contains the following language "... failure to obtain such license prior to submitting bids shall render such proposed contract void; and when a contract is made outside the state for performance within the state, the contract shall be unenforceable under the laws of this state until the contractor shall have obtained this license." Appellant argues that this language, by implication, grants a right to one who has obtained the license to bring suit in the state courts, notwithstanding the language of Mississippi Code Annotated sections 79-3-211 and 79-3-247 (1972) heretofore quoted which requires a foreign corporation doing business in this state to obtain a certificate of authority from the Secretary of State.
However, the appellant overlooks section 27-15-5 which provides inter alia that:

All privilege taxes levied and imposed by this chapter shall be paid in addition to any and all other taxes, and, ... the provisions of this chapter shall not affect the operation of any other sections of the Mississippi Code of 1972 or other laws providing for the imposition, levy and collection of privilege taxes ... nor shall the provisions of this chapter in any wise affect any law imposing a tax or fee ... as now provided, or may be hereafter provided, by the laws of Mississippi. (Emphasis added).
The argument of appellant is not persuasive because the statute requiring a certificate of authority and that imposing a privilege tax exist for distinct and different purposes.
The purpose of Mississippi Code Annotated section 79-3-211 (1972) requiring a certificate of authority for foreign corporations to do business in this State is an administrative one for the purpose of public convenience and orderly administration of internal affairs. Union Brokerage Co. v. Jenson, 322 U.S. 202, 211-12, 64 S.Ct. 967, 88 L.Ed. 1227 (1914). The licensing requirements under Mississippi Code Annotated section 27-15-33 (1972) is for the primary purpose of imposing a tax on the privilege of contracting in this State.
We therefore hold that the payment of the Mississippi contractor's privilege tax[1] by a foreign corporation does not relieve such corporation from the requirement that it obtain a certificate of authority to do business in this State from the Secretary of State as required by section 79-3-211.
Appellant also assigns as error that it falls into an exception from the certificate of authority requirement because it was engaged in interstate commerce. However, this argument fails since the record reflects that the contract was to be performed wholly in the State of Mississippi. See Barbee v. United Dollar Stores, Inc., 337 So.2d 1277 (Miss. 1976).
For the above stated reasons, the cause is affirmed.
PATTERSON, C.J., SMITH, ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Section 27-15-33. This section imposes a privilege tax upon every person who offers or bids within this State to contract whether a corporation or not.