543 So.2d 180 (1989)
Pryor Spencer BAILEY III
v.
GEORGIA COTTON GOODS COMPANY.
No. 58698.
Supreme Court of Mississippi.
May 3, 1989.
Hal H.H. McClanahan, III, Columbus, for appellant.
John Paul Moore, Starkville, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents the question whether the trial court abused its discretion when it refused to set aside a judgment entered by default at a time when defendant's answer was only four days overdue. The court below found that the defendant was experienced in lawsuits, knew well what he was required to do when served with process, and had before the same court engaged in a certain amount of "stonewalling" when sued in the past. The Court likewise found that the defendant had no colorable defense to the merits of plaintiff's charge of an unpaid open account. Under the facts and circumstances of this case, we cannot find that the trial court abused its discretion. We affirm.

II.
Georgia Cotton Goods Company, plaintiff below and appellee here, is an Ohio corporation. Pryor Spencer Bailey III is an adult resident citizen of Oktibbeha County, Mississippi. Bailey was the defendant below and is the appellant here.
On July 28, 1987, Georgia Cotton commenced this civil action by filing its complaint in the Circuit Court of Oktibbeha County. The Complaint named Bailey as *181 defendant and charged that from and after October 31, 1985, Bailey purchased from Georgia Cotton on open account certain goods, wares and merchandise which Bailey used in a motel business in which he was then engaged. The Complaint charged further that there was a long overdue outstanding balance owing by Bailey to Georgia Cotton in the amount of $3,467.02. Georgia Cotton supported its complaint with an affidavit as required by Miss. Code Ann. § 13-1-141 (Supp. 1988), to which no exception is offered.
The Sheriff's return reflects that Bailey was personally served with process on July 31, 1987. Thirty-three days came and passed, the docket reflecting no response from Bailey. Rule 12(a), Miss.R.Civ.P., required action within thirty days.
On September 2, 1987  the thirty-third day, to be exact  Georgia Cotton filed its request for entry of default. On the same day, the clerk entered Bailey's default. Rule 55(a), Miss.R.Civ.P. The next day Georgia Cotton applied to the Circuit Court for judgment and on that same day, September 3, 1987, the Court entered judgment in favor of Georgia Cotton and against Bailey by default in the principal sum of $3,467.02 plus costs. See Rule 55(b), Miss.R.Civ.P.
On September 11, 1987, Bailey filed his motion to vacate and set aside the default judgment. Upon hearing, a week later, Bailey complained that he had had problems in getting a lawyer and then argued that he had a viable defense to Georgia Cotton's suit, to-wit: that Georgia Cotton had not qualified to do business in Mississippi, see Miss. Code Ann. § 79-3-247 (1972), and thus had no right to proceed in the courts of this state. Bailey in no way attempted to show that he had any viable defense to the merits of Georgia Cotton's claim that Bailey owed $3,467.02 on open account which was past due and had not been paid.
After receiving oral arguments from counsel, the Circuit Court denied the motion, stating
It's the Court's ruling here that there's no evidence been presented whereby the Court should set aside the default judgment. Mr. Bailey has had numerous cases as we all know; he's familiar with the law; he's familiar with cases; he's familiar with what he should do and should not do in cases of this type. Apparently he just decided he'd go off on his trip rather than take care of the case, and now he wants to come and have the case  the default set aside, and the Court has experienced a certain amount of stone walling in other cases by the defendant, and the Court does not feel that the default judgment should be set aside.
On September 22, 1987, the Circuit Court entered its Order carrying into effect its bench ruling.
Bailey now prosecutes this appeal.

III.

A.
Georgia Cotton conformed to our rules of procedure, including time requirements, in obtaining judgment in its favor by default. Bailey does not dispute this. He charges error, rather, in the court's refusal to set aside the default judgment.
The question whether a trial court ought vacate a judgment entered by default is addressed to the sound discretion of the trial court. Our law prescribes a three-pronged balancing test which our trial courts are directed to employ in considering whether a motion to vacate a judgment by default should be granted. These are:
(1) the nature and legitimacy of defendant's reasons for its default, i.e., whether defendant has good cause for default;
(2) whether defendant in fact has a colorable defense to the merits of the claim; and
(3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.
Burkett v. Burkett, 537 So.2d 443, 445 (Miss. 1989); H & W Transfer & Cartage Services, Inc. v. Griffin, 511 So.2d 895, 898-99 (Miss. 1987); Pointer v. Huffman, 509 So.2d 870, 875 (Miss. 1987); Clark v. *182 City of Pascagoula, 507 So.2d 70, 77 (Miss. 1987); Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 388-89 (Miss. 1987); Bryant, Inc. v. Walters, 493 So.2d 933, 937-39 (Miss. 1986).
Where the trial court has denied a motion to vacate, we will reverse only where that court has abused its discretion. The existence of trial court discretion, as a matter of law and logic, necessarily implies that there are at least two differing actions, neither of which if taken by the trial judge will result in reversal. Burkett v. Burkett, 537 So.2d 443, 446 (Miss. 1989); Mayoza v. Mayoza, 526 So.2d 547, 549 (Miss. 1988); see also Hooten v. State, 492 So.2d 948, 950 (Miss. 1986) (Hawkins, J., dissenting).

B.
Bailey's reason for failure to file an answer timely is that he had a misunderstanding with his lawyer. Bailey's answer was due August 31, 1987. He says he became aware that his lawyer had not filed an answer "on the last day for filing a response or one day thereafter... . Because of a business trip necessitating an early departure the next morning, ... [Bailey] was unable to straighten out the matter and obtain counsel until September 3, 1987."
Georgia Cotton retorts that Bailey merely suited his own convenience, tending to one pressing business matter instead of another, the filing of an answer to this lawsuit. The Circuit Court found Bailey's excuse inadequate. Beyond that, the Court found that Bailey had been involved in "numerous cases as we all know; ... he's familiar with what he should do and should not do in cases of this type."
It certainly would not have been an abuse of discretion for the Circuit Court to give a defendant the benefit of the doubt where the default was entered only three days after the legal deadline for filing an answer. On the other hand, the fact that Bailey was in experienced businessman who had been involved in a number of lawsuits certainly militates in favor of our giving deference to the trial court's ruling on this point.

C.
Second, we consider whether Bailey "has a colorable defense to the merits of the claim." If any one of the three factors in the balancing test outweighs the other in importance, this is the one. Indeed, we have encouraged our trial courts to vacate default judgments where the defendant has shown that he has a meritorious defense on the merits. Clark v. City of Pascagoula, 507 So.2d at 77; Bryant, Inc. v. Walters, 493 So.2d at 937 n. 3.
Applied in the present context, this factor asked that the trial court search for a reason why Bailey may not owe Georgia Cotton any money and why, in the event of trial on the merits, there would be a reasonable likelihood of a judgment for the defendant. See Burkett v. Burkett, 537 So.2d at 446. Yet as we examine the record and the briefs, we find Appellant Bailey in no way denying that he owes Georgia Cotton the money or that he has any defense on the merits. Instead, what  and all  he has said is that he has a technical defense, that Georgia Cotton has not qualified to do business in Mississippi and thus had no right to sue him in Mississippi.
Some attention need be given to the nature and contours of this defense. It is predicated upon Miss. Code Ann. § 79-3-247 (1972) which at the time provided:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.[1]
A defense under Section 79-3-247 is in the nature of an affirmative defense, see Trane Co. v. Taylor, 295 So.2d 746, 747 (Miss. 1974), a point Bailey conceded in the court below. As an affirmative defense, *183 the statute may be waived if not timely and adequately pleaded. See Rule 8(c), Miss.R. Civ.P.; Wholey v. Cal-Maine Foods, Inc., 530 So.2d 136, 138-39 (Miss. 1988); Bell v. First Columbus National Bank, 493 So.2d 964, 968 (Miss. 1986). The clerk's entry of default and the trial court's subsequent judgment by default  and its overruling Bailey's motion to vacate  stand as a final judgment that this affirmative defense was not timely pleaded.
To be sure, our decisions held that, where timely and adequately pleaded and where the requisite facts be established, the bar of our former statute would be enforced. Barbee v. United Dollar Stores, Inc., 337 So.2d 1277 (Miss. 1976). To successfully invoke the statute, however, a defendant was required to establish that the plaintiff/foreign corporation was in fact engaging in intrastate business in the state of Mississippi. A foreign corporation which merely accepts orders from residents of this state is not subject to the bar of Section 79-3-247, nor could it be made so subject consistent with the Constitution. Allenberg Cotton Co., Inc. v. Pittman, 419 U.S. 20, 26, 95 S.Ct. 260, 264, 42 L.Ed.2d 195, 201 (1974); Humboldt Foods, Inc. v. Massey, 297 F. Supp. 236 (N.D.Miss. 1968); Morrison v. Guaranty Mortgage & Trust Co., 191 Miss. 207, 226, 199 So. 110, 114-15 (1941). Moreover, our cases held the statute penal in nature and that it should be strictly construed. S & A Realty Co. v. Hilburn, 249 So.2d 379, 381 (Miss. 1971).
At the hearing below, Bailey merely presented a certificate that Georgia Cotton had not qualified to do business in Mississippi. The record is silent on the question of whether Georgia Cotton was engaged in intra-state business in Mississippi or whether its transactions with Bailey were of a purely interstate nature. An appellant is responsible for bringing to this Court a record of trial proceedings sufficient to undergird his assignment of error. Moawad v. State, 531 So.2d 632, 635 (Miss. 1988); Winters v. State, 473 So.2d 452, 457 (Miss. 1985); Mason v. State, 440 So.2d 318, 319 (Miss. 1983); Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973).
Even had Bailey made the requisite showing, this would not have had the effect of a defense on the merits. Section 79-3-247 provided specifically that failure of the foreign corporation to qualify to do business "shall not impair the validity of any contract or act of such corporation." The point for the moment is that Bailey in no way suggests that he does not owe Georgia Cotton the money. Absent such a suggestion, we find this factor in the three-prong balancing test weighted against Bailey.

D.
Third, we consider the nature and extent of the prejudice which may be suffered by Georgia Cotton if the default judgment is set aside. Georgia Cotton argues that it would have to go to all of the time and trouble of proving its claim if its loses its judgment not by default. This is not what is meant by cognizable prejudice under this prong of the balancing test. See e.g., H & W Transfer & Cartage Services, Inc. v. Griffin, 511 So.2d at 899; Guaranty National Insurance Co. v. Pittman, 501 So.2d at 388.

E.
In light of the foregoing, we consider that refusal to set aside the default judgment was within the Circuit Court's authority. The Circuit Court committed no error of law, nor may we fairly conclude that the Court exceeded its authority or abused its discretion in the premises.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] This statute was amended and relaxed, effective January 1, 1988. Miss. Code Ann. § 79-4-15.02 (Supp. 1988). At most, the amended statute would require that the action be held in abeyance until the foreign corporation obtains a certificate of authority.