BRIDGES, P.J.,
for the Court.
¶ 1. On August 1, 2001, Alice Jane Leach and Gary Roebuck were involved in a car accident. Roebuck’s insurer, Shelter Insurance, filed a complaint in the County Court of Rankin County. Within the complaint, Shelter alleged that Leach drove in a negligent manner, caused the subject accident, and caused Roebuck, their insured, to suffer damages of $6,237.84. Shelter additionally claimed that Leach owed compensation to Shelter on a subro-gation basis. Leach received service of process on December 5, 2002.
¶ 2. On January 14, 2003, Leach, already de facto in default, took the complaint and summons to Safeway Insurance, her insurer. Though Leach hoped that Safeway would provide her with a defense to Shelter’s claim, Safeway denied Leach’s request because Leach’s policy coverage expired on May 14, 2001, two months before her accident with Roebuck on August 1, 2001. Meanwhile, based on Shelter’s request, the clerk of the county court filed an entry of default against Leach. The next day, Judge Kent McDaniel entered a default judgment against Leach and awarded Shelter $6,370.46 plus interest.
¶ 3. Leach finally filed her pro se answer on February 3, 2003. In addition to her answer, Leach also filed a counterclaim against Shelter and Roebuck. Three days later, Leach filed a motion to set aside the default judgment. She argued that she had a good and reasonable basis for believing that her insurance carrier would provide her with a defense to Shelter’s subro-gation claim.
¶4. On June, 13, 2003, Judge Kent McDaniel, in the County Court of Rankin County, presided over a hearing on Leach’s motion to set aside the default judgment. After hearing arguments, Judge McDaniel denied Leach’s motion to set aside the default judgment. Judge McDaniel also dismissed Leach’s answer and counterclaim with prejudice.
¶ 5. On July 1, 2003, Leach filed a notice of appeal to the Rankin County Circuit Court and a motion for relief from the order that dismissed Leach’s counterclaim with prejudice. After Shelter’s response, the county court changed the order to reflect the dismissal of Leach’s counterclaim without prejudice, rather than with prejudice. The Rankin County Circuit Court affirmed the county court’s decisions. Aggrieved, Leach appeals to this Court and asserts the following issue:
I. THE LOWER COURTS ERRED IN REFUSING TO SET ASIDE THE DEFAULT JUDGMENT TAKEN AGAINST LEACH.
Finding no error, we affirm the lower court’s decision.
ANALYSIS
¶ 6. We review a decision whether to set aside a default judgment on an abuse of discretion standard. Stanford v. Parker, 822 So.2d 886(¶ 6) (Miss.2002) (quoting McCain v. Dauzat, 791 So.2d 839(¶ 5) (Miss.2001)). This standard implies that a trial judge has a limited right to be wrong. Burkett v. Burkett, 537 So.2d 443, 446 (Miss.1989). “The existence of trial court discretion, as a matter of law and logic, necessarily implies that there are at least two differing actions, neither *1286 of which if taken by the trial judge will result in reversal.” Bailey v. Georgia Cotton Goods Co., 543 So.2d 180, 182 (Miss.1989). “While the trial court has considerable discretion, this discretion is neither ‘unfettered’ nor is it ‘boundless.’ ” American Cable Corp. v. Trilogy Communications, Inc., 754 So.2d 545(¶ 27) (Miss.Ct.App.2000).
¶ 7. When a party fails to answer and enters default, the circumstances that allow default to be set aside are clear. “For good cause shown, a trial court may set aside an entry of default and, if a judgment by default has been entered, the trial court may likewise set it aside in accordance with M.R.C.P. 60(b).” M.R.C.P. 55(c). To determine whether to grant relief according to Rule 60(b) of the Mississippi Rules of Civil Procedure, this Court applies a three-pronged balancing test. Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 135 (Miss.1993). That test mandates weighing the following factors: (1) the nature and legitimacy of a defendant’s reasons for default (i.e., whether a defendant has good cause for default), (2) whether the defendant has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice that a plaintiff would suffer if default is set aside. Id.
I.
PRONG ONE: DOES LEACH HAVE GOOD CAUSE FOR DEFAULT?
¶ 8. Leach argues that the first prong favors setting aside the default judgment. She bases her assertion on multiple claims. In particular, Leach claims that she had good cause for default because: (1) her tardiness in contacting her insurer may be excusably neglectful and she relied on her insurer for a defense, (2) Safeway’s denial and her teacher’s salary, mitigated by the financial demands that accompany caring for her children, left her with little means to secure independent legal counsel, (3) she is not a sophisticated businessperson, and (4) she took affirmative steps to respond to Shelter’s suit by filing a pro se answer, a motion to set aside the default judgment, and retaining counsel. Leach concludes that while her actions or inactions could be considered procedural missteps, those grounds alone are not enough to uphold the trial court’s denial of her motion to set aside the default judgment.
¶ 9. Regardless that Leach may have been unsure whether she had coverage, she did not even go to her insurer until she was already in default. Though Leach claims she sought counsel, nothing in the record shows that she tried to respond to the lawsuit until January 14, 2002. Mississippi appellate courts have refused to set aside default judgments where defendants have been more diligent than Leach in procuring a defense or offering a response. In Guaranty Nat’l Ins. Co. v. Pittman, 501 So.2d 377 (Miss.1987) the supreme court stated that confusion was not a basis by which a default judgment could be set aside against a defendant for good cause shown where a defendant might have been confused about whether he had insurance coverage, but not about the fact that he had been sued and was required to respond.
¶ 10. No evidence among the briefs or the record suggests that Leach is illiterate. We assume that Leach can read since she is a teacher and her pro se answer is so well-written. Leach should have been able to read the complaint and summons and deduce that she had been sued and needed to respond to the lawsuit within thirty days. This fact leads this Court to conclude that the first prong should weigh in favor of upholding summary judgment.
*1287 ¶ 11. Still, there is more to consider. Leach claims that she had good cause for failing to answer within the thirty-day time period because she is not a sophisticated businessperson. Leach relies on Bailey v. Georgia Cotton Goods Co., 543 So.2d 180 (Miss.1989) for her assertion. We are not persuaded by this excuse. At no point has this Court or the Mississippi Supreme Court ever held that the only respondents bound to the response time are sophisticated business persons. The Bailey Court did not determine that the defendant lacked good cause for answering because he was a sophisticated businessperson. Nor did the Bailey Court determine that only a sophisticated businessperson would be able to glean from a summons the requirements of response within a particular time period. The Bailey Court merely mentioned the defendant’s status as an experienced businessman, formerly involved in multiple lawsuits, to demonstrate how insufficient the defendant’s assertion of confusion was, given that the defendant was familiar with the necessity of an answer. As discussed in the previous paragraph, any literate person served with process should know that they have been sued and a response is necessary.
¶ 12. Leach also claims that she relied on her insurer for a defense. While that may be, Leach did not deliver the summons and complaint to her insurer until the day before Shelter requested a default judgment. Moreover, Safeway was not bound to provide a defense because Leach’s coverage lapsed and she did not renew it. With all due recognition for those who strive, undercompensated, for the education of young people and sympathy for Leach’s financial responsibilities, what did Leach do with the lawsuit during the time between service of process and January 14, 2002? Our analysis of the record reveals no answer to this question. Likewise, we can find neither an explanation nor an excuse that suggests Leach did anything with the complaint at all. Without some other evidence, we can only conclude that Leach did not act in any way remotely resembling an effort to respond to the lawsuit within the appropriate time limits. Accordingly, we conclude that the first prong weighs in favor of upholding the grant of default judgment.
II.
DOES LEACH HAVE A COLORABLE DEFENSE TO THE MERITS OF THE CLAIM?
 ¶ 13. The second prong of our analysis requires a determination of whether Leach has a “colorable defense” to the merits of Shelter’s claim. Whether a defendant will likely prevail is not the measure of a meritorious defense. Bieganek v. Taylor, 801 F.2d 879, 882 (7th Cir.1986). “To show a creditable defense ... a party must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence ... unsubstantiated allegations that a meritorious defense exists is insufficient as a matter of law to sustain the burden of Rule 60(b).” American Cable Corp. v. Trilogy Communication, Inc., 754 So.2d at (¶ 35). When a defendant shows that he has a meritorious defense, the Mississippi Supreme Court encourages trial judges to set aside default judgments when doing so causes no prejudice to the plaintiff. Burkett v. Burkett, 537 So.2d at 447. Leach argues that the second prong should weigh in favor of setting aside the default judgment because, in her pro se answer, she denied liability for the accident and alleged that Roebuck’s negligence caused or contributed to the accident.
¶ 14. While this Court does not view the default as a defendant’s general admission of facts, a defendant, upon de *1288 fault, is held to admit a plaintiffs well-pleaded allegations of fact and that defendant is barred from contesting such facts on appeal. Nishimatsu Construction Co., Ltd. v. Houston Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). Put another way, “[a] default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.” Id. A defendant is not held to admit facts that are not well-pleaded. Id. Nor is a defendant held to admit conclusions of law. Id. “A default is not treated as an absolute confession by the defendant of his liability and of the plaintiffs right to recover.” Id.
¶ 15. Thus, it appears that default is not treated as a general admission or an absolute confession. Similarly, a general denial is not sufficient to set aside a default judgment. As stated above, a meritorious defense is one that is demonstrated through an affidavit or sworn form of testimony. Conclusions and unsubstantiated allegations will not suffice. Unfortunately, Leach only offers her conclusion that Roebuck is liable. The effect is the same as a general denial.
¶ 16. We recognize and seriously consider “[t]he importance of litigants having a trial on the merits” and the fact that “any error made by the trial judge should be in the direction of setting aside a default judgment and proceeding with trial.” Stanford v. Parker, 822 So.2d at (¶ 31) (citations omitted). Yet, even with our recognition and consideration, a defendant must set forth, in affidavit form, the nature and substance of the defense. H &W Transfer and Cartage Serv., Inc. v. Griffin, 511 So.2d 895, 899 (Miss.1987).
¶ 17. Leach has shown this Court nothing, on the issue of liability, that indicates that she has a meritorious defense to Shelter’s claim. There is no affidavit, Leach’s or otherwise, that sets forth the nature and substance of this defense. Even if we liberally construe Leach’s pro se answer, it only rises to the level of a general denial. Our precedent contemplates a more rigorous standard of proof to set aside a default judgment.
III.
WOULD SHELTER SUFFER PREJUDICE OF THIS COURT SETS THE DEFAULT JUDGMENT ASIDE?
¶ 18. In examining the third prong, we consider the nature of any prejudice that Shelter would suffer if we set aside the default judgment. Leach argues that Shelter would not suffer prejudice because she filed her motion to set aside the default judgment less than one month after the entry of default. To support her assertion, Leach cites the American Cable case. In American Cable, this Court found that a defaulting party’s quick action in filing a motion to set aside a default judgment (a little over a month after the entry of default) the defaulting party did not cause much delay in providing an opportunity for relief from the judgment. American Cable Corp., 754 So.2d at (¶ 40).
¶ 19. American Cable also involved a dispute centered around a line of credit between two incorporated businesses. The transactions between the two entities were recorded in the form of letters, statements, invoices, and processed checks. The case sub judice involves a car accident. In Guaranty National, the Mississippi Supreme Court determined that postponement of a car accident dispute would substantially prejudice one or both parties. Guaranty Nat’l Ins. Co. v. Pittman, 501 So.2d at 388. The Guaranty National Court reasoned that the witness’s diminishing memories regarding specific events would cause the prejudice. Id. The accident this case involves was also a split- *1289 second accident. We likewise determine that the diminishing memories will prejudice both parties.
¶ 20. Shelter also claims that it will suffer financial prejudice if the default is set aside, because it would have to spend money to prepare for trial after already having spent money on the hearings and motions in this matter — all because Leach did not answer the complaint within thirty days. We are not persuaded by Shelter’s allegation. Time, effort and expense are prejudices that almost every litigant must overcome, or at least bear. That Shelter would have to prosecute the lawsuit and prove its case does not equal prejudice as contemplated by the law in this instance. Bailey v. Georgia Cotton Goods Company, 543 So.2d at 183 (citing H & W Transfer & Cartage Serv., Inc. v. Griffin, 511 So.2d at 899; Guaranty Nat’l Ins. Co. v. Pittman, 501 So.2d at 388).
¶21. The Mississippi Supreme Court has stated that it would not inaugurate a policy of entering irrevocable defaults where no answer has been filed by the thirty-first day, but the court was equally resolved that an answer must be taken seriously. Guaranty Nat’l Ins. Co. v. Pittman, 501 So.2d at 389. Our careful analysis of the factors leads us to conclude that the preponderance of the weight lies in favor of upholding the trial judge’s decision. At the very least, we cannot say that the trial judge abused his discretion in denying Leach’s request to set aside the default judgment. Particularly since evidence suggests that Leach did not have good cause for failing to answer, did not present sufficient evidence that belied a colorable defense, and that Shelter would suffer prejudice. Accordingly, we affirm the county court’s decision to uphold default and dismiss Leach’s answer and counterclaim with prejudice.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.