ROBERTS, J.,
for the Court:
¶ 1. Roger Olive appeals the Madison County Chancery Court’s decision to deny his motion to set aside a default judgment in favor of Robert A. Malouf. Malouf sued Olive and others to enforce a contract to purchase real property and set aside a deed. Malouf had entered a written agreement with Olive’s predecessors in- title to purchase approximately forty-six acres of property in Madison County, Mississippi. Despite having entered a written agreement with Malouf, prior to Malouf s anticipated closing date, Olive’s predecessors in title sold the property at issue to Olive for considerably less than Malouf had agreed to pay. Malouf sued Olive and Olive’s predecessors in title. Olive was served with process, but he never filed an answer. Malouf wrote a letter to Olive and informed him that Olive’s failure to respond would result in a default judgment. When Olive did not respond, Mai- *1256 ouf applied for a default judgment. The chancellor subsequently heard Maloufs claim for relief. The chancellor set aside the deed to Olive and awarded Malouf the title to the property. Olive then attempted to set aside the judgment by filing a motion under Rule 60(b) of the Mississippi Rules of Civil Procedure. Despite Olive’s argument that he received insufficient service of process, the chancellor denied Olive’s motion. Aggrieved, Olive appeals. Finding no error, we affirm. .
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2007, Malouf bought a tract of land in Madison County, Mississippi. Several weeks later, a real-estate agent approached Malouf regarding the potential acquisition of an adjoining tract of approximately forty-six acres. That forty-six-acre tract is the subject of this litigation.
¶ 3. On May 2, 2007, Malouf entered a written agreement to buy the property at issue from Juanita N. Taylor, Gwendolyn Gilner, and Myrtis Shine for $77,400. Afterward, Malouf repeatedly but unsuccessfully tried to contact Taylor, Gilner, and Shine. On August 15, 2007, Malouf wrote to Taylor, Gilner, and Shine in an effort to close on the property. Malouf received no response. Malouf wrote to them again on September 5, 2007. To induce Taylor, Gil-ner, and Shine to close, Malouf offered to pay them an additional $100 per acre. Two days later, Taylor, Gilner, and Shine responded by letter and told Malouf: “[W]e do not want to sell the property.” Taylor, Gilner, and Shine also claimed that their agreement had expired.
¶ 4. On September 12, 2007, Taylor, Gil-ner, and Shine sent another letter to Mal-ouf. Within that letter, they said, “[w]e are sorry to inform you that the property in question has been sold to another member of the family. We no longer hold title to the property.” Malouf later discovered that Taylor, Gilner, and Shine had conveyed the property to Olive on June 21, 2007, for $10,000. Malouf sued Taylor, Gilner, Shine, and Olive seeking to enforce his agreement with them. Additionally, Malouf sought injunctive relief to prevent further devaluation of the property because Olive had removed the timber from it. Finally, Malouf sought a judgment vesting him with title and setting aside Taylor, Gilner, and Shine’s conveyance to Olive.
¶ 5. Malouf served Olive on October 29, 2007. Olive was served with summonses under Rule 4 and Rule 81 of the Mississippi Rules of Civil Procedure because Malouf sought a preliminary injunction. The summonses that Olive received instructed him to appear before the chancellor on October 30, 2007. Olive appeared on that date and met with the chancellor in Maloufs presence. The chancellor advised Olive to hire an attorney. When Olive failed to answer Maloufs complaint, Malouf wrote to Olive and advised him that he would seek a default judgment if Olive failed to answer. Regardless, Olive never filed an answer.
¶ 6. Malouf moved for a default judgment. The chancellor heard Maloufs request for relief and granted a judgment in Maloufs favor. The chancellor set aside the conveyance to Olive and awarded Mal-ouf the property at issue. Later, Olive moved to set aside the chancellor’s judgment under Rule 60(b). The chancellor found no merit to Olive’s motion. Aggrieved, Olive appeals.
STANDARD OF REVIEW
¶ 7. We will affirm the chancellor’s decision whether to set aside a default judgment unless we find that he abused his discretion. Leach v. Shelter Ins. Co., 909 So.2d 1283, 1285 (¶ 6) (Miss.Ct.App.2005) (citations omitted). “This standard implies that a trial judge has a limited *1257 right to be wrong.” Id. Although the chancellor has “considerable discretion,” it is “neither unfettered nor ... boundless.” Id. at 1286 (¶ 6) (citation and internal quotations omitted).
ANALYSIS
¶ 8. Olive claims the chancellor erred when he denied Olive’s motion to set aside the judgment for Malouf. Olive did not overtly specify the basis of his Rule 60(b) motion, but because Olive argued that the judgment was void because Mal-ouf did not properly serve him with process, it is apparent that Olive traveled under Rule 60(b)(4). In any event, when a party fails to answer, and a trial court enters a default judgment, the circumstances that allow that default judgment to be set aside are clear. “For good cause shown, [the circuit] court may set aside an entry of default and, if a judgment by default has been entered, [the circuit court] may likewise set it aside in accordance with Rule 60(b).” M.R.C.P. 55(c). “To determine whether to grant relief according to Rule 60(b), we apply a three-pronged balancing test.” Am. States Ins. Co. v. Rogillio, 10 So.3d 463, 467 (¶ 10) (Miss.2009). That test mandates weighing the following factors: (1) the nature and legitimacy of a defendant’s reasons for default (i.e., whether a defendant has good cause for default), (2) whether the defendant has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice that a plaintiff would suffer if default is set aside. Id.
Prong One: The Reason for Olive’s Default
¶ 9. Olive claimed that he did not answer Maloufs complaint because the summonses did not identify the name of Maloufs attorney. However, the documents served upon Olive actually identified Maloufs attorney by name and address. Olive appeared on the noticed date. Olive met Maloufs attorney during the conference with the chancellor.
¶ 10. Other than his driver’s license, Olive did not offer any proof to support his Rule 60(b) motion. He did not explain his failure to file an answer. Approximately two months before Malouf moved for a default judgment, he wrote to Olive at the same address in Olive’s summonses. Within that letter, Malouf cautioned Olive regarding the consequences if Olive failed to answer.
¶ 11. The Mississippi Supreme Court has declined to set aside a default judgment where “[n]othing in the record suggests that [a defendant] was confused about the meaning and effect of the papers served upon him,” and there was no indication that the defendant was “confused about the fact that he had been sued and should respond.” Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987). This prong favors upholding the chancellor’s decision to deny Olive’s Rule 60(b) motion.
Prong Two: Olive’s Defense
¶ 12. As mentioned above, the second prong of the balancing test concerns whether the defendant has a colorable defense to the merits of the plaintiffs claim. The supreme court has held that “if any one of the three factors in the balancing test outweighs the other in importance, this is the one.” Rogillio, 10 So.3d at 469 (¶ 16) (citations omitted).
¶ 13. “Whether a defendant will likely prevail is not the measure of a meritorious defense.” Leach, 909 So.2d at 1287 (¶ 13) (citation omitted). “To show a creditable defense ... a party must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence.” Am. Cable Corp. v. Trilogy Commc’n, Inc., 754 So.2d 545, 554 (¶35) (Miss.Ct.App.2000) (citing Rush v. N. Am. Van Lines, Inc., *1258 608 So.2d 1205, 1210 (Miss.1992)). One does not sustain the burden of Rule 60(b) by relying on “unsubstantiated allegation[s] that a meritorious defense exists.” Id.
¶ 14. “While this Court does not view the default as a defendant’s general admission of facts, a defendant, upon default, is held to admit a plaintiffs well-pleaded allegations of fact[,] and [the] defendant is barred from contesting such facts on appeal.” Leach, 909 So.2d at 1287-88 (¶ 14) (citation omitted). Mere conclusions, unsubstantiated allegations, and general denials are not sufficient to set aside a default judgment. Id. at 1288 (¶ 15). Despite the general preference that litigants have a trial on the merits, a defendant must still “set forth[,] in affidavit form[,] the nature and substance of [his] defense.” H & W Transfer & Cartage Serv. v. Griffin, 511 So.2d 895, 899 (Miss.1987).
¶ 15. Olive did not present a defense to the merits of Maloufs claim. Malouf paid the agreed-upon price for the property at issue and paid the amount directly to BankPlus for Olive’s benefit — despite Olive’s having harvested the trees on the property. Malouf did not obtain any unjust enrichment. The second prong of the analysis weighs in Maloufs favor.
Prong Three: Maloufs Prejudice if Default is Set Aside
¶ 16. Olive does not address this prong. However, Malouf argues that he would suffer prejudice in that he would be further denied access to the property at issue. Malouf was deprived of access to the property until October 15, 2009. During that time, Olive harvested the timber off of the property. In other words, Olive stripped the property of a significant asset while the ownership of the property was unresolved.
¶ 17. Olive offers no argument whatsoever to suggest that Malouf will not be prejudiced if we were to set aside the default judgment. Given Olive’s failure to address this prong and the fact that the first and second prongs of the analysis weigh in Maloufs favor, we find that under the precise circumstances of this case, the chancellor did not abuse her discretion when she denied Olive’s motion to set aside the default judgment. It follows that we find no merit to Olive’s claim on appeal. Therefore, we affirm the chancellor’s judgment.
¶ 18. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL, RUSSELL and FAIR, JJ„ CONCUR. BARNES, J., Concurs in Part and in the Result. IRVING, P.J., not Participating.