BARNES, J.,
for the Court:
¶ 1. Tavaris Grace was granted a $350,000 default judgment against Ice Plant Inc., and its employee, Allan Walker, for injuries sustained in a vehicle accident. Ice Plant and Walker moved to set aside the default judgment. Finding that Walker did not receive proper service of process, the trial court granted Walker’s motion. However, the default judgment was upheld against Ice Plant, which now appeals. Finding no abuse of discretion in the trial court’s decision to deny Ice Plant’s motion, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 9, 2010, Grace and Walker were involved in a motor-vehicle accident on Highway 49 in Rankin County, Mississippi. Walker was driving an eighteen-wheeler truck owned by Ice Plant. Grace filed suit in the Rankin County Circuit Court against Walker and Ice Plant, alleging negligence. A summons and complaint were served on Phillip Maples, Ice Plant’s owner and registered agent for service of process. Maples was also served with process for Walker.
¶ 3. After neither defendant answered the complaint, Grace was granted a default judgment. A bench trial on damages was held, and the trial court entered its final judgment, on November 22, 2011, awarding Grace $350,000. Ice Plant and Walker subsequently filed a “Motion to Set Aside Default Judgment” on December 22, 2011, “pursuant to Rule 55(c) and Rule 60(b) of the Mississippi Rules of Civil Procedure.” After a hearing, the trial court entered an order on May 29, 2012, finding that service of process on Walker was insufficient since Maples was not an agent authorized by Walker to accept service of process. Therefore, the trial judge concluded that “the default judgment and final judgment as they relate to Allan Walker must be set aside.” See Turner v. Deutsche Bank Natl Trust Co., 65 So.3d 336, 338 (¶8) (Miss.Ct.App.2011) (“If service of process [is] deficient, the default judgment entered against [the defendant] is void and must be set aside.”). However, as to Ice Plant, the trial court denied its motion to set aside the judgment, and Ice Plant filed its notice of appeal on June 27, 2012.[1]
*382 ¶ 4. On appeal, Ice Plant argues that “the trial court abused its discretion in failing to set aside the default judgment[,]” and committed error in failing to hold a hearing on damages. Upon review, we find no abuse of discretion in the trial court’s denial of the motion. Furthermore, since the transcript of the hearing on damages was included in the (supplemental) record, Ice Plant’s argument on this issue is moot. Accordingly, we affirm the trial court’s judgment.
STANDARD OF REVIEW
¶ 5. As a preliminary matter, we note that this Court has jurisdiction to consider the appeal, despite the fact that the trial court action is still pending against Walker. While Mississippi Rule of Civil Procedure 54(b) states a court’s order that “adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties” is interlocutory without the entry of a Rule 54(b) certification, this case involved a default judgment that was final as to all parties. Had a Rule 59 or Rule 60 motion been filed by Ice Plant within ten days after the judgment, the finality of the judgment would have been stayed,[2] and a Rule 54(b) certification would have been required before this Court could acquire jurisdiction, since the order would not have been final as to all parties. See M.R.C.P. 54(b). However, Ice Plant filed its motion to set aside the judgment under Rule 60(b) more than ten days after the entry of the judgment. As the Mississippi Supreme Court has recently observed, unlike a motion filed under Rule 59, a Rule 60 motion “do[es] not toll the time for appeal or the enforceability of a judgment.” Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp., 124 So.3d 643, 645 (¶ 9) (Miss.2013) (citing Bruce v. Bruce, 587 So.2d 898, 903 (Miss. 1991)). “Rule 60(b) motions ... proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final.” Sweet Valley, 124 So.3d at 646 (¶ 9) (quoting Bruce, 587 So.2d at 904) (emphasis added). “[A]n order denying a motion under Rule 60(b) is final and appealable.” Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990). Therefore, the fact that the case is still pending against Walker in the trial court does not deprive this Court of jurisdiction over Ice Plant’s appeal.
¶ 6. Appeals from a Rule 60 motion are reviewed for abuse of discretion. Tyler v. Auto. Fin. Co., 113 So.3d 1236, 1239 (¶9) (Miss.2013) (citing Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss.1988)). “Rule 60(b) is for extraordinary circumstances, for matters collateral to the meritsf.]” Bruce, 587 So.2d at 903. Therefore, “a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this [C]ourt’s review to whether reconsideration was properly denied under Rule 60(b).” Woods v. Victory Mktg. LLC, 111 So.3d 1234, 1236 (¶8) (Miss.Ct.App. 2013). “This [C]ourt has no jurisdiction to consider the merits of the underlying judgment.” Id.; see also Bruce, 587 So.2d at 903 (“An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” (citation omitted)).
*383 ANALYSIS
I. Whether the trial court erred in denying Ice Plant’s motion to set aside the default judgment.
¶ 7. Ice Plant asserts that the trial judge should have granted its motion to set aside the default judgment, as it was not aware of the action filed by Grace until the final default judgment was entered on November 22, 2011. Ice Plant also claims that its insurance carrier, QBE, was in negotiations with Grace, but was never informed of the pending action.
¶ 8. “When a party fails to answer [a complaint], and a trial court enters a default judgment, the circumstances that allow that default judgment to be set aside are clear.” Olive v. Malouf, 94 So.3d 1254, 1257 (¶ 8) (Miss.Ct.App.2012). A trial court may set aside a default judgment under Rule 60(b) “[f]or good cause shown.” M.R.C.P. 55(c). Generally, “the extraordinary relief provided for by Rule 60(b) will be granted only upon an adequate showing of exceptional circumstances, and gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief.” Tyler, 113 So.3d at 1241 (¶ 18) (quoting Accredited Sur., 535 So.2d at 58).
“To determine whether to grant relief according to Rule 60(b), we apply a three-pronged balancing test.” Am. States Ins. Co. v. Rogillio, 10 So.3d 463, 467 (¶ 10) (Miss.2009). That test mandates weighing the following factors: (1) the nature and legitimacy of a defendant’s reasons for default (i.e., whether a defendant has good cause for default), (2) whether the defendant has a color-able defense to the merits of the claim, and (3) the nature and extent of prejudice that a plaintiff would suffer if default is set aside. Id.
Olive, 94 So.3d at 1257 (¶8). The trial judge in the present case properly considered the three prongs of the balancing test regarding whether to grant relief under Rule 60 and found nothing to warrant setting aside the judgment against Ice Plant.
¶ 9. Ice Plant said that its failure to answer the complaint was not due to negligence; it was simply a mistake, and its insurance carrier, QBE, failed to get the summons and complaint. The record shows that Ice Plant’s president was properly served with process. However, as Ice Plant explains in its brief: “[T]hrough some unknown mistake, that documentation never made it to the necessary person, which led to a delay in QBE assigning counsel to defend Ice Plant and Allen Walker, and a delay in responding to the suit.” But as the trial judge noted, even though Ice Plant forwarded the summons and complaint to its insurance carrier, albeit “to the wrong person,” Ice Plant subsequently failed to take any further action until the default judgment was entered “5 to 6 months later.” Ice Plant neglected to follow up with QBE regarding the pending action. Thus, we agree that Ice Plant did not provide a legitimate reason, or “good cause,” for its failure answer Grace’s complaint.
¶ 10. The trial court found that the second prong favored Ice Plant “only by the slimmest of margins.” Ice Plant said that it had a “meritorious defense” to Grace’s claims, but it provided no affidavit from Walker regarding the accident. Ice Plant merely provided a copy of the un-sworn police report and a conclusory affidavit from Ice Plant’s general manager, which stated that Walker was a trained and qualified driver and unlikely to operate the truck in “a manner which involved an unreasonable risk of physical harm to himself or others.”
*384 ¶ 11. As to the third prong, Ice Plant argues that Grace did not provide any proof “to a reasonable degree of medical certainty” that he requires surgery. Thus, it claims Grace would suffer no prejudice as a result of setting aside the judgment. In its order addressing the motion to set aside the default judgment, the trial court noted that Grace “has severe injuries, is in need of surgery that he cannot afford and has been without a resolution of this lawsuit for months as a result of Ice Plant’s failure to answer in a timely fashion.” Consequently, the trial court found that Grace “would suffer prejudice if the default judgment is set aside.” The supreme court has held that if “the period of delay caused by the defendant’s default” leaves the injured plaintiff “without a resolution to his claim for that period of time,” this “constitutes prejudice.” Rogillio, 10 So.3d at 472 (¶ 23) (citation omitted). “[T]he plaintiff ‘may have been subject to prejudice from the granting of the motion in the sense that [he] would have been put to trial some months following the date when [he] would have originally been able to obtain a trial setting had the defendant responded promptly.’ ” Id. (quoting H & W Transfer & Cartage Sen. Inc. v. Griffin, 511 So.2d 895, 899 (Miss.1987)). When the trial court granted the default judgment, it had already been a year since the accident. Accordingly, we find no abuse of discretion in the trial court’s finding that Grace would suffer prejudice from setting aside the default judgment.
¶ 12. Ice Plant also argues that since the judgment against Walker was set aside, the default judgment against it should be set aside. As Ice Plant notes in its appellant’s brief:
As of today, there has been no adjudication that Allan Walker was negligent.
[[Image here]]
[S]etting aside the default [judgment] against Allan Walker left an open question as to whether Mr. Walker was negligent, and whether his negligence proximately caused [Grace’s] injuries. Since the claims against Ice Plant are intimately tied to, and depend on, a finding that Allan Walker was negligent, it is an injustice to hold Ice Plant accountable for [Grace’s] damages while these issues of liability against Allan Walker are still outstanding.
(Emphasis added). Nevertheless, as Grace argues, under the doctrine of re-spondeat superior, he may recover damages from Ice Plant, without Walker’s being a party to the action. As this Court recently held: “Under the doctrine of re-spondeat superior, the employer and employee are jointly and severally liable for injury caused by the employee’s negligence.” Sykes v. Home Health Care Affiliates, Inc., 125 So.3d 107, 109 (¶ 7) (Miss.Ct.App.2013) (citing Capital Transp. Co. v. McDuff, 319 So.2d 658, 661 (Miss.1975)). The plaintiff “may sue either the employer or the employee, or both.” Id. (citation omitted).
American Jurisprudence states the general rule as to necessary parties: “The right of an injured party to sue the employer is a direct or primary right because the claim is distinct and separate from the claim against the employee; therefore, the employee is not a necessary party to an action against an employer.” Am.Jur.2d Employment Relationship § 400 (2004). In fact, there have been suits based upon re-spondeat superior in which the negligent employee was never made a party.
Sykes, 125 So.3d at 109 (¶ 7). Ice Plant does not deny Walker was acting as an employee when the accident occurred. Therefore, Ice Plant may be held liable for Walker’s alleged negligent actions regard-
*385 less of whether Walker is a party on appeal.
¶ 13. After reviewing the evidence and arguments presented by Ice Plant, we find the trial judge’s decision to deny Ice Plant’s motion was not an abuse of discretion.
II. Whether the transcript of the damages hearing was required to support the default judgment.
¶ 14. Although not addressed in its motion to set aside the default judgment, Ice Plant argues on appeal that there was no transcript of the damages hearing to support the default judgment. “An on-the-record hearing must be held prior to the entry of [a] default judgment under which unliquidated damages are requested.” Woodkrest Custom Homes Inc. v. Cooper, 108 So.Sd 460, 468 (¶ 8) (Miss. Ct.App.2013) (quoting Capital One Servs. v. Rawls, 904 So.2d 1010, 1018 (¶ 26) (Miss. 2004)). As already noted, appellate review of the denial of the Rule 60(b) motion does not require that we address the merits of the underlying judgment. Regardless, as this Court has been provided the transcript of the November 22, 2011 hearing on damages, we find Ice Plant’s argument is moot.
¶ 15. We do observe that the award of damages does appear excessive in light of the testimony and evidence. In addition to the listed medical expenses, vehicle-damage costs, and wage losses, the trial judge awarded Grace $287,493.29 for physical pain and suffering, but never explained his reasoning for the award. At the hearing on proof of damages, Grace provided a mere four pages of testimony regarding his injuries, only stating he still had pain in his back and that it had affected his ability to participate in extracurricular activities with his children, and occasionally required him to go on “light duty” at work “some days.”
¶ 16. Yet Ice Plant did not contest the amount of damages recovered by Grace in its motion to set aside the default judgment. “Failure to object to an issue below operates as a waiver of the ability to assert the issue as error on appeal.” Davis-Everett v. Dale, 926 So.2d 279, 282 (¶ 5) (Miss.Ct.App.2006) (citing Foley v. State, 914 So.2d 677, 689 (¶26) (Miss.2005)). The comments to Rule 55 of the Mississippi Rules of Civil Procedure provide that “[i]f [the defendant] wishes an opportunity to challenge plaintiffs right to recover, his only recourse is to show good cause for setting aside the default under Rule 55(c) and, failing that, to contest the amount of recovery.” (Emphasis added). Ice Plant did not contest the amount of recovery in the trial court below and cannot do so for the first time on appeal. Consequently, Ice Plant’s failure to object to the amount of damages bars the issue from appellate review.
¶ 17. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., ISHEE, CARLTON, MAXWELL and FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., NOT PARTICIPATING.

. In the meantime, Walker filed an answer to the original complaint on June 21, 2012. Grace then filed a motion to stay proceedings against Walker pending the appeal by Ice *382 Plant on July 18, 2012. An agreed order was entered, staying proceedings against Walker on September 14, 2012, but this order is not part of the official record on appeal.

. Compare M.R.A.P. 4(d) (Timely filing of a Rule 59 motion or a motion for relief under Rule 60 within ten days after the entry of judgment tolls the time for filing a notice of appeal.) ■with M.R.C.P. 59(e) (motion to alter or amend judgment must be filed within ten days of entry of judgment).