733 So.2d 313 (1998)
TRILOGY COMMUNICATIONS, INC., Appellant,
v.
THOMAS TRUCK LEASE, INC., Appellee.
No. 97-CA-00337 COA.
Court of Appeals of Mississippi.
December 8, 1998.
Rehearing Denied March 9, 1999.
Certiorari Denied May 20, 1999.
*314 Peter L. Doran, Jackson, Attorney for Appellant.
J. Gordon Flowers, Columbus, Attorney for Appellee.
*315 Before THOMAS, P.J., and DIAZ and COLEMAN, JJ.
DIAZ, J., for the Court:
¶ 1. Trilogy Communications, Inc., the appellant, appeals the decision of the Circuit Court of Lowndes County denying Trilogy's motions for relief from judgment and for a stay of the proceedings to enforce judgment pursuant to Mississippi Rules of Civil Procedure 60(b) and 62(b). Trilogy asserts numerous issues in this appeal; however, the determinative issue is whether the trial court abused its discretion in denying the motions filed pursuant to Rule 60. We find that Trilogy has failed to prove that the circuit court judge abused his discretion in denying the motions. Therefore, we affirm the ruling of the circuit court.

FACTS
¶ 2. This is the second appeal between Trilogy Communications, Inc., a Delaware Corporation with its principal place of business in Rankin County, Mississippi, and Thomas Truck Lease, Inc., an Alabama corporation with its principal place of business in Lowndes County, Mississippi. Thomas and Trilogy entered into a contract wherein Thomas agreed to supply custom ordered tractor trailer units, fuel, maintenance, permits, and other incidentals to Trilogy. Both parties agreed that if Trilogy breached the lease agreement, it would have to purchase the equipment under the buy-out provision of the lease. Thereafter, Trilogy breached the lease agreement by non-payment, so Thomas sued to recover the amount due under the lease for past performance and to enforce the buy-out provision of the lease since the equipment was custom ordered for Trilogy. The jury awarded actual damages according to the terms of the lease, and the circuit court awarded attorney's fees based on the express terms of the lease.
¶ 3. After this Court's first ruling and on remand to the trial court where the circuit court was ordered to explain its rationale for the award of attorney's fees, Thomas claimed that Trilogy attempted to expand the scope of review and to relitigate under Mississippi Rules of Civil Procedure 60 and 62 the jury's award of damages. In June of 1996, this Court entered a mandate that did not include an award of interest or the statutory penalty. Pursuant to a motion by Thomas, this Court awarded interest at 8% per annum from the date of the final judgment but denied the request for the 15% statutory penalty. Thereafter, a final undisputed order certifying attorney's fees was entered before this Court. The circuit court then had jurisdiction to provide the rationale for the award of attorney's fees.
¶ 4. At this point, Trilogy filed a motion for relief from judgment pursuant to M.R.C.P. 60(b) and for a stay of the proceedings to enforce judgment pursuant to M.R.C.P. 62(b). Trilogy's main argument states that Thomas had generated proceeds from third parties based upon the use, sale, or lease of the tractors and trailers after the entry of the final judgment, and that to allow Thomas to recover the final judgment would be a penalty against Trilogy. In November 1996, the circuit court ordered Thomas to give Trilogy records on an expedited basis so that Trilogy could provide the court with an analysis of the credit it was due for the use, sale, or lease by Thomas of the equipment. In December 1996, this Court affirmed the award of attorney's fees. Thomas filed a motion for entry of an order requiring payment of the August 1992 judgment in December 1996. In January 1997, Thomas filed a motion for reconsideration of the circuit court's order requiring production of the documents regarding lease proceeds. A hearing was set for February 1997. In late January 1997, the circuit court, sua sponte, entered an order requiring Trilogy and Thomas to show cause why an expert should not be appointed to determine the amount of credit that should be applied to the judgment. A hearing was set for the matter also in February *316 1997. One day before the scheduled hearings, Thomas withdrew its motion for the entry of an order requiring payment. At the hearing, a bench order was entered reversing an earlier decision to require Thomas to submit documents concerning the leases. Additionally, the court reserved the right to appoint an expert to determine the credits due to Trilogy. Arguments were heard on Trilogy's motions under M.R.C.P. 60 and 62, and the trial court denied those motions. Furthermore, the circuit court granted a judgment to Thomas against Trilogy for $1,693,831.12 plus interest and attorney's fees. The judgment did not consider the credit due by Thomas. Feeling aggrieved Trilogy perfected this appeal on the Rule 60(b) motions.

DISCUSSION
¶ 5. Although Trilogy lists several assignments of error, the crux of this appeal is whether the circuit court abused its discretion in denying Trilogy's Rule 60(b) motion. Trilogy's appeal of the circuit court's denial of its motion for relief under Rule 60(b) is limited to a review of whether the circuit court abused its discretion; it not an appeal on the merits. Overbey v. Murray, 569 So.2d 303, 305 (Miss. 1990). A decision regarding a Rule 60(b) motion will not be disturbed unless it is shown the trial court abused its discretion. Pointer v. J.D. Huffman, 509 So.2d 870, 875 (Miss.1987). In Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984), the Court held that:
[M]otions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused. When ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation. Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case.
Id. (citations omitted). Furthermore, Rule 60(b) provides for extra ordinary relief to be granted only upon a showing of exceptional circumstances, Accredited Surety & Cas. Co., Inc. v. Bolles, 535 So.2d 56, 56 (Miss.1988), and not because a party is unhappy with the judgment, Stringfellow, 451 So.2d at 221.
¶ 6. The circuit court did not abuse its discretion in denying Trilogy's Rule 60(b) motions for several reasons. First, Rule 60(b) motions must be made within a reasonable time. M.R.C.P. 60(b). The Mississippi Supreme Court has held that Rule 60(b) motions which were filed two or more years after judgment were unreasonable. Donaldson v. Pontotoc County Welfare Dep't, 445 So.2d 1377, 1378 (Miss. 1984); Hinds County Bd. of Supervisors v. Common Cause of Miss., 551 So.2d 107, 108 (Miss.1989). Although trial courts may correct judgments even though an appeal has been perfected, Ward v. Foster, 517 So.2d 513, 516 (Miss.1987), the case sub judice was not only perfected but affirmed by this Court in a December 6, 1996 order. Trilogy could have filed a Rule 60(b) motion in the trial court six years ago after the appeal was perfected. Instead, Trilogy waited an unreasonable length of time before it brought its Rule 60(b) motion. Therefore, the circuit court did not abuse its discretion in finding the Rule 60(b) motion untimely.
¶ 7. Secondly, the circuit court was correct in finding that Trilogy's Rule 60(b) motion for relief related to and requested relief concerning issues previously determined. In Mississippi, it is well settled that a decision on a question of law decided on a former appeal becomes the law of the case; therefore, that law will be applied in subsequent trials and appeals of the same case involving the same issues and facts. Leatherwood v. State, 539 So.2d 1378, 1382 (Miss.1989). Trilogy has unsuccessfully attempted to relitigate the issue of damages seven times. In a previous decision, we made it clear that the issue of *317 damages in this case had already been litigated:
[T]here is no windfall or double recovery as the final judgment order[ed] Thomas to deliver the trucks to Trilogy as soon as Trilogy pa[id] the final judgment. Instead of paying the judgment, Trilogy chose to litigate whether they were even liable under the lease and have therefore not received the trucks. Subsequent mitigation by releasing the trucks has no bearing on the issue of double recovery as Trilogy only paid Thomas the agreed amount they owed under the lease agreement which was $479,816.48. These assignments are without merit.
Thus, our decision forecloses Trilogy's continuing argument over mitigation of damages.
¶ 8. Finally, the circuit court did not err in denying Trilogy's Rule 60(b) motions because the judgment has not been satisfied, released, or discharged. Trilogy argued that it should not be required to pay as provided in the lease, and that enforcement of the lease results in a profit to Thomas and a penalty to itself. Rule 60(b) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
. . . .
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
M.R.C.P. 60(b)(emphasis added). Both the final judgment and the amended final judgment expressly provided that Trilogy was to pay the amount it owed to Thomas prior to the delivery of equipment or crediting any amounts to Trilogy. The fact that Trilogy has not paid the judgment as ordered renders its Rule 60(b)motion untimely because the judgment is not satisfied, released, or discharged. Although a non-breaching party to a contract should only receive damages necessary to place him in the same position he would have been in had the contract been performed, Trilogy ignores the fact that the purpose of the buy-out clause was to avoid the exact situation the parties are now in. Since Trilogy breached the contract and refused to perform under the requirements of the lease, Thomas had to recover and manage the equipment. In order to put Thomas in the "same position," Trilogy must satisfy the judgment, i.e. purchase the equipment. Once Trilogy pays the amended final judgment, it will be entitled to credit for equipment that has been sold, leased, or otherwise disposed of not already credited against the judgment.
¶ 9. Based on the law of the case, as well as the evidence before the circuit court, we find that the circuit court did not abuse its discretion in denying Trilogy's Rule 60(b) motions.
¶ 10. Trilogy also claims that the trial court erred in refusing to order a court appointed expert on the question of credits against the judgment to which Trilogy was entitled. The appointment of an expert by the court under Mississippi Rule of Evidence 706 is done sparingly, and then only in exceptional cases involving complex issues where the expert's testimony would be helpful to the trier of facts. M.R.E. 706. Additionally, the record reflects that the circuit court did not find a need for an expert in February 1997; however, the court specifically "reserve[d] the right to reconsider and appoint an expert" for the issue of credits to Trilogy. This reservation was within the judge's discretion.
¶ 11. Trilogy also contends that the circuit court erred in reconsidering its bench order which required Thomas to produce documents to Trilogy in connection with Trilogy's Rule 60(b) motions. Trilogy argues that Thomas's motion for reconsideration was untimely under *318 M.R.C.P. 59. Although Rule 59 imposes a ten day limit for a motion for new trials or to amend judgments, it does not apply to a discovery order which is not final. M.R.C.P. 59. An order concerning additional discovery is clearly discretionary and will not be set aside in absence of an abuse of discretion. Paulk v. Housing Auth. of City of Tupelo, 228 So.2d 871, 873 (Miss.1969). Since the order in this case pertained to discovery, and Rule 59 does not refer or apply to discretionary discovery rulings, the judge did not abuse his discretion in reconsidering his order and it was not untimely. Therefore, this assignment of error is without merit.
¶ 12. Since 1857, Mississippi has imposed a mandatory penalty on parties who unsuccessfully appeal to the Mississippi Supreme Court. Miss. Rev.Code. Ch. 63, Art. 12 (1857). Furthermore, by statute, appellants are required to be charged with 15% of the judgment if it is (1) a final judgment (2) of the type specified by the statute is (3) affirmed unconditionally (4) by the Mississippi Supreme Court. M.C.A. § 11-3-23 (Rev.1991). The statute expresses a bona fide interest in providing a measure of compensation for the successful appellee who has endured the rigors of successful appellate litigation. Walters v. Inexco Oil Co., 440 So.2d 268, 274-75 (Miss.1983).
¶ 13. This is the second time this case has come before this Court. The request for a statutory penalty was denied in the first appeal since we remanded with instructions for the trial court to explain its rationale for determining attorney's fees. However, the second appeal is an attempt by Trilogy to relitigate issues already decided by this Court and the circuit court, as well as to avoid paying the amended final judgment. The public policy supporting the statutory penalty certainly justifies its application in this case. The statute is designed to discourage frivolous appeals and to provide compensation for the successful appellee. The statute directs the imposition of penalties based upon the judgment or decree affirmed if it is monetary. Therefore, we impose a statutory penalty of 15% upon such sum.
¶ 14. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED TO THE APPELLEE. COSTS ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., and THOMAS, P.J., and KING and PAYNE, JJ., concur.
McMILLIN, P.J., dissents with separate written opinion, joined by COLEMAN, HERRING and HINKEBEIN, JJ.
SOUTHWICK, J., not participating.
McMILLIN, P.J., dissenting:
¶ 15. I respectfully dissent. It would be my opinion that Trilogy has raised an issue that ought to be considered on its merits. Even if a majority of my colleagues disagree with me on that issue, I am satisfied that this Court substantially exceeds its jurisdiction when it purports to award the statutory fifteen percent appeal penalty on the judgment amount to the appellee.

A.

The Merits of the Appeal
¶ 16. Trilogy filed a motion under Rule 60(b) for relief from an existing judgment. Trilogy advanced several theories for relief including one for partial credit against the judgment. It is that claim that I believe has merit if Trilogy can prove its assertions. That part of the motion involves matters that have occurred after the entry of the judgment. Thus, it is not an attack on the judgment itself, as Rule 60 motions are normally considered to be, yet it is an appropriate motion under Rule 60(b)(5) as a claim that "the judgment has been [partially] satisfied ... or discharged." M.R.C.P. 60(b)(5).
¶ 17. Assuming the factual accuracy of the assertions in Trilogy's motion, I can see no reason why it would not be entitled *319 to some measure of relief. Trilogy claims that, during the pendency of the earlier appeal on the merits of the judgment itself, Thomas continued to generate revenues by renting or leasing equipment that was, in effect, "purchased" by Trilogy as a result of the judgment entered in this case. Under the terms of the judgment, Trilogy was compelled to buy the equipment but was denied possession of the property until it had paid the purchase price as set out in the judgment. This, in effect, granted Thomas a possessory lien in the equipment to secure the payment of the purchase price as reflected by the judgment.
¶ 18. Trilogy unsuccessfully appealed the original judgment. The company had a perfect right to appeal, just as Thomas had a perfect right to stand on the existing terms of the judgment and hold possession of the equipment until that judgment was either (a) overturned or (b) affirmed and paid in full.
¶ 19. Nevertheless, during the pendency of the appeal, Thomas's continued possession of the equipment was, by any reasonable construction, nothing more than an exercise of a possessory lien. I am aware of no authority that would permit Thomas, as a lienholder in possession, to use the equipment or to rent it out to others for use. By way of example, a mechanic holding a customer's automobile for an unpaid repair bill acts within the law in denying the customer the use of the car. However, the mechanic would not be authorized to rent the car out to others while waiting for his customer to accumulate sufficient funds to redeem the vehicle, and, if he did so, the law would certainly require him to account to the vehicle owner for the revenue produced in that manner.
¶ 20. If it is true, as Trilogy alleges, that Thomas utilized equipment covered by the judgment to produce income for itself during the appeal period, then Thomas ought to be required to account for the net amount derived from that activity as a credit against the judgment. I further see nothing improper in Trilogy's request that this credit be computed and applied before the judgment is paid. If there is a credit presently due in some amount for these post-judgment income-producing arrangements, there is no principled reason to require Trilogy to pay more than it owes and then immediately seek a refund of a part of what it just paid. That amounts to a penalty imposed on Trilogy for asserting what ought to be an unconditional legal right.
¶ 21. Because the motion raises matters that occurred after entry of the original judgment, I can discover no legitimate claim of prejudice on the part of Thomas that would permit a timeliness bar to be imposed under Rule 60(b). The motion does not constitute an attack on the judgment itself and does not involve proof of any fact that occurred prior to entry of the judgment. So long as Thomas remained in possession of the property after entry of the judgment, any net revenues generated by that equipment ought to be properly credited against the judgment, and the proximity between the time that revenue was generated and the date of the original judgment is largely irrelevant.
¶ 22. I would remand the case for an evidentiary hearing to determine what post-judgment net revenue Thomas has generated from the leasing or other commercial use of the equipment covered under the judgment and would direct that the net amount so calculated be credited against the judgment.
¶ 23. The majority is incorrect when it suggests that Trilogy's claim for credit based on postjudgment income derived from the equipment is an attempt to relitigate the amount of damages. It is true that Trilogy asserted a claim at trial that it ought to get credit for income from Thomas's leasing of the equipment to others by way of mitigation of damages. However, the judgment, insofar as it determined these and other mitigating factors, was necessarily limited to events that had occurred up to the date of trial. Since the *320 judgment contemplated the immediate surrender of the equipment to Trilogy (conditioned on payment of the judgment), it would have been impossible for the jury to deliberate intelligently on a proper credit for any post-judgment income produced by the equipment. Therefore, the judgment could not possibly speak to post-judgment events that were unknown and unknowable at the time the case was tried.

B.

The Statutory Penalty on the Judgment
¶ 24. In a separate matter, even if the majority's decision on the merits in this appeal is correct, it is manifestly incorrect to assess the statutory fifteen percent appeal penalty in this proceeding. This appeal was limited to the issue of whether the trial court abused its discretion in denying a post-judgment Rule 60(b) motion. The amount of the judgment itself was not under direct attack in this appeal since the basis for claiming a partial credit related to events that occurred after the judgment was entered. Even if the majority is correct that this appeal is devoid of merit (which I do not believe it to be), it is not within this Court's jurisdiction to award the statutory fifteen percent penalty on the judgment amount to Thomas. The Court could have assessed the penalty when affirming the judgment in Case No. 92-CA-01266. That was not done and the issue of the statutory appeal penalty became res judicata when the mandate of this Court issued in that case. The matter cannot be resurrected in this appeal.
COLEMAN, HERRING and HINKEBEIN, JJ., join this separate opinion.