GRIFFIS, P.J.,
for the Court:
¶ 1. Deutsche Bank National Trust Company appeals the chancellor’s denial of its motion for a default judgment. This Court lacks jurisdiction to consider this appeal. We therefore dismiss this appeal for want of jurisdiction.
¶2. On September 22, 1994, the Bre-chtels obtained property located in Harrison County at 13509 W. Echo Drive in Gulfport, Mississippi, from Hazel Louise Wilson and James J. Robinson via a warranty deed. The Brechtels recorded the deed in the land records.
¶ 3. After acquiring the property, the Brechtels purchased a manufactured home in 1999 and placed it on the land. The Brechtels affixed the manufactured home to the property at 13509 W. Echo Drive and removed the wheels and axles. On December 2, 1999, they had the manufactured home certified as real estate by the Harrison County Tax Assessor.
¶ 4. On November 9, 2004, the Brechtels executed a deed of trust to Ameriquest Mortgage Company and, subsequently, recorded the instrument in the land records. Ameriquest then assigned the deed of trust on June 25, 2007 to Deutsche Bank, as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, under the Pooling and Servicing Agreement. This assignment was also recorded in the land records. The deed of trust contained no reference to the manufactured home.
¶ 5. The Brechtels defaulted on the terms and conditions of their loan. On July 17, 2008, Deutsche Bank foreclosed on the property through a non-judicial foreclosure sale. A substitute trustee’s deed conveying the property to Deutsche Bank was recorded in the land records.
*279 ¶ 6. On June 1, 2010, Deutsche Bank filed a complaint for a declaratory judgment that asked the chancellor to declare that the manufactured home was included in the foreclosure sale of the Brechtels’ property. Deutsche Bank also asked the chancellor to direct the Mississippi State Tax Commission (MTC) to issue a new certificate of title to the manufactured home, listing Deutsche Bank as the owner. On June 25, 2010, the Brechtels were served with process by publication, and on June 11, 2010, “any and all persons with an interest in the property at 13509 W. Echo Drive, Gulfport, Mississippi,” were also served by publication.
¶ 7. On August 3, 2010, docket entries of default were filed for the Brechtels and “any and all persons with an interest in the property bearing the municipal address of 13509 W. Echo Drive, Gulfport Mississippi.” The MTC filed an entry of appearance, but it did not contest the complaint.
118. On August 3, 2010, Deutsche Bank filed its motion for a default judgment, which the chancellor denied on September 13, 2010. The chancellor considered the merits of the complaint and interpreted Mississippi Code Annotated section 27-53-15 (Rev. 2010). The chancellor’s order of denial explained that he had interpreted the statute to provide that it was not mandatory for a party to obtain a security interest in a manufactured home along with a security interest in the land; however, in order to obtain a security interest in the manufactured home, the party would have to follow the statute by describing both the land and the manufactured home in the security instrument. The chancellor reasoned that since the deed of trust failed to contain the legal description of the manufactured home, then the foreclosure sale failed to include the manufactured home; thus, Deutsche Bank could not obtain a certificate of title listing Deutsche Bank as the owner of the manufactured home.
¶ 9. Deutsche Bank now appeals the chancellor’s order of denial, arguing that the chancellor erred in his interpretation of section 27-53-15 and in his denial of the motion for a default judgment.
¶ 10. The only brief before this Court on appeal is Deutsche Bank’s brief. In the appellant’s brief, Deutsche Bank asserts the errors made by the chancellor, but the issue of whether the chancellor’s judgment is a properly appealable, final judgment has not been raised. However, this Court must address the issue on its own initiative. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006) (quoting Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 11. We are compelled to find an order that denies a motion for a default judgment under Mississippi Rule of Civil Procedure 55(b) is not a final, appealable judgment. The comment to Rule 55, citing Mississippi Rule of Civil Procedure 54(a), clearly states: “A judgment entered pursuant to Rule 55(b) may be reviewed on appeal to the same extent as any other judgment; however, an order denying a motion for default judgment is interlocutory and not appealable.” Rule 54(a). (Emphasis added). See Adult Film Ass’n of Am., Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir.1985).
¶ 12. The dissent finds that the order denying motion for a default judgment was a final, appealable judgment. Yet the cases cited by the dissent do not stand for this principle. In fact, there are no Mississippi cases where an appellate court considered the trial court’s “denial” of a motion for default judgment as an appeal-able, final judgment. The dissent simply ignores the comment to Rule 55.
*280 ¶ 13. Despite its lack of authority to support its finding, the dissent concludes that “no issues of fact were left remaining after the chancellor issued his denial of the default judgment.” The order for a default judgment does not resolve “facts in dispute” or decide the “merits of the plaintiffs claim.”
¶ 14. After the chancellor denied the motion for a default judgment, Deutsche Bank had to decide whether to amend the complaint,[1] dismiss the complaint, file a motion for summary judgment, or set the case for trial. If we agree with the dissent and affirm the chancellor’s order, this case would not be over. Instead, it would be in the same procedural posture as if it were never appealed.
¶ 15. Deutsche Bank’s attempt to appeal the denial of the motion for a default judgment is an interlocutory appeal. Interlocutory appeals are governed by Rule 5 of the Mississippi Rules of Appellate Procedure. To proceed with an appeal from an interlocutory order, the appellant must receive permission from the Mississippi Supreme Court. M.R.A.P. 5. Here, no permission was requested, and none was received. This matter is not within this Court’s jurisdiction. Therefore, we dismiss this appeal.
¶ 16. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J., ISHEE AND RUSSELL, JJ. FAIR, J., NOT PARTICIPATING.

. Based on the information before this Court, it appears that Deutsche Bank may decide to amend its complaint, under Mississippi Rule of Civil Procedure 15, and allege a claim of mutual mistake. Deutsche Bank could assert that the parties intended to include the manufactured home in its deed of trust and then proceed with another foreclosure proceeding. Thereafter, there would be no reason the MTC could not then be directed to deliver the certificate of title or cancel the security interest.