# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00577-COA

RUBEN ORLANDO BENITEZ                                    APPELLANT

v.

JOEL WALLACE                                             APPELLEE

DATE OF JUDGMENT:            04/03/2018
TRIAL JUDGE:                 HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      RUBEN ORLANDO BENITEZ (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: DANIEL BURNHAM SMITH
NATURE OF THE CASE:          CIVIL - TORTS-OTHER THAN PERSONAL
                             INJURY AND PROPERTY DAMAGE
DISPOSITION:                 AFFIRMED - 06/04/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     In this case, we must determine whether the one-year statute of limitations under Mississippi Code Annotated section 11-46-11(3)(a) (Rev. 2012) applies to bar a claim against a government employee. Finding the one-year limitation applicable, we affirm.

## PROCEDURAL HISTORY

¶2.     In 2011, Ruben Orlando Benitez was arrested and charged with the murder of Stacey Wright. This Court affirmed his conviction and sentence in *Benitez v. State*, 139 So. 3d 134, 143 (¶40) (Miss. Ct. App. 2014).

¶3.     On June 29, 2017, Benitez sued Joel Wallace under the Mississippi Tort Claims Act

(MTCA), alleging that Wallace committed several torts against him during the investigation into Wright's murder. At the time of the investigation Wallace was a detective with the Mississippi Bureau of Investigation.

¶4.     Wallace was served with process on November 1, 2017, but did not file his answer and affirmative defenses until December 8, 2017. On December 4, 2017, Benitez filed a motion for default judgment. Soon after, Wallace filed a motion to dismiss and a response to the motion for default judgment.

¶5.     The trial court granted Wallace's motion to dismiss, finding that the alleged tortious conduct occurred in 2011, and therefore the one-year statute of limitations barred Benitez's claim.

¶6.     Benitez now appeals, asserting that the trial court erred in granting Wallace's motion to dismiss.

**DISCUSSION**

¶7.     Benitez chiefly argues that his claim is not barred by the one-year statute of limitations. We review questions of law, including the application of the MTCA and issues concerning statutes of limitations, de novo. *Kelley LLC v. Corinth Pub. Utils. Comm'n*, 200 So. 3d 1107, 1112-13 (¶14) (Miss. Ct. App. 2016).

¶8.     Section 11-46-11(3)(a) states that "[a]ll actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after . . . ."

2

The events Benitez described in the complaint allegedly occurred on or about September 18, 2011. Benitez's suit was filed over six years later, well outside the applicable one-year limit.

¶9. Benitez attempts to circumvent the time bar by asserting that he was of unsound mind. *See* Miss. Code Ann. § 11-46-11(4); Miss. Code Ann. § 1-3-57 (Rev. 2014). Benitez claims he was of unsound mind because he was placed on suicide watch at the time of his arrest for murdering Wright. However, there is nothing in the record to indicate Benitez was ever found incompetent or could not manage his affairs. And Benitez admits he has no medical evidence to support his claim.

¶10. Additionally, Benitez argues that the trial court should have granted his motion for default judgment because Wallace filed his answer several days late. Benitez's motion was styled as a motion for default judgment, but it appears the clerk's office treated it as a request for entry of default under Mississippi Rule of Civil Procedure 55(a).[1] The trial court indicated that the clerk's office did not enter a default because Wallace filed his answer. *See Wheat v. Eakin*, 491 So. 2d 523, 525 (Miss. 1986) ("Entry of default by the clerk should only be in the absence of any response by the defending party."). During the hearing, Benitez again argued that he was entitled to a default judgment because Wallace's answer was late. The trial court found no merit to his argument, noting again that Wallace filed his answer. The trial court did not explicitly deny the motion for default judgment—instead it dismissed

---

[1] Under Rule 55(a), the clerk shall enter the default of a party if that party "has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise . . . ."

the action.  Benitez offers no other reason why his motion should have been granted. Regardless, orders denying motions for default judgments are not final, appealable orders. *Deutsche Bank Nat'l Trust Co. v. Brechtel*, 81 So. 3d 277, 279 (¶11) (Miss. Ct. App. 2012). Even though the statute of limitations bars his claim, Benitez's argument here is without merit.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**