# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00305-COA

**PATRIOT PRODUCTION GROUP LLC**                                   **APPELLANT**

**v.**

**LIVINGSTON OPERATING COMPANY LLC,**                             **APPELLEES**
**KOUGA ENERGY GROUP LLC, ARNE**
**GREAVES, AEGIS OPERATING CO., INC., BPS**
**OPERATING SERVICES LLC AND SEBASTIAN**
**GREAVES**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/29/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DONALD W. BOYKIN |
| ATTORNEYS FOR APPELLEES: | HARVEY HUTCHINS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 06/25/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     Patriot Production Group LLC ("Patriot") attempts to appeal from an order of the circuit court denying (1) two motions for default judgments related to writs of garnishment, (2) a motion for an order directing the Mississippi Department of Revenue (MDOR) to produce tax records, and (3) a motion for recusal of the circuit judge. We dismiss the appeal because no final judgment has been entered in the case, and Patriot's attempt to appeal from the denial of its recusal motion was untimely and procedurally improper.

## FACTS AND PROCEDURAL HISTORY

¶2.    This case began in 2011, but the designated record on appeal (*see* M.R.A.P. 10) begins with a "Consent Judgment" entered in 2015. The consent judgment recites that there had been a prior settlement in the case, but the defendants failed to make payment to Patriot (the plaintiff). The consent judgment for $350,000 was entered in favor of Patriot and against defendants Livingston Operating Company LLC ("Livingston") and Kouga Energy Group LLC ("Kouga").

¶3.    On April 4, 2017, Patriot filed for a writ of garnishment against Columbia Petroleum LLC ("Columbia"). Patriot alleged that Livingston and Kouga still had not paid and that Columbia was indebted to Livingston and Kouga. Columbia filed an answer and denied that it was indebted or held any property belonging to Livingston or Kouga.

¶4.    On April 13, 2017, Patriot filed a motion for an order authorizing and directing MDOR to produce the income tax records of Arne Greaves and Sebastian Greaves. Patriot alleged that Arne Greaves was a member of Livingston, that Sebastian Greaves was a member of Kouga, and that their tax records, beginning with tax year 2009, were relevant to Patriot's efforts to collect on its judgment. On the same day, the attorney for Livingston, Kouga, and Arne Greaves moved to withdraw from the case on the ground that he had been not been paid for his services despite repeatedly warning his clients that nonpayment would result in the termination of his representation of them. The court subsequently entered an order allowing counsel to withdraw.

¶5.    On April 17, 2017, Patriot filed for writs of garnishment against Aegis Operating Co. Inc. ("Aegis") and BPS Operating Services LLC ("BPS"). Patriot alleged that Aegis and

BPS were indebted to Livingston and Kouga. Neither Aegis nor BPS filed an answer within thirty days. On May 24, 2017, Patriot applied for and obtained a clerk's entry of default against each of them. On May 25, 2017, Patriot filed motions for default judgments against Aegis and BPS. On October 4, 2017, Patriot noticed a hearing for October 17, 2017, on its motions for default judgments and its motion to compel MDOR to produce records.

¶6. On October 16, 2017, Aegis filed a response to Patriot's motion and an answer to the writ of garnishment directed to it. Aegis denied that it had been properly served with the writ and denied that it was indebted or held any property belonging to Livingston or Kouga.

¶7. On the same day, BPS also filed an answer to the writ of garnishment directed to it. BPS denied that it was indebted or held any property belonging to Livingston or Kouga. BPS filed its answer "pro se." The pleading was signed by Arne Greaves as BPS's "Managing Member" and Sebastian Greaves "as Attorney in Fact for Arne Greaves, PRO SE."

¶8. Finally, BPS, Livingston, Kouga, and Arne Greaves, all "pro se," also filed a "motion to dismiss" both (a) Patriot's motion for a default judgment against BPS and (b) Patriot's motion to compel MDOR to produce tax records. The motion was signed by Arne Greaves as the "Managing Member" of each entity and by "Sebastian Greaves as Attorney in Fact for Arne Greaves." The motion alleged that BPS, Livingston, Kouga, and Arne Greaves had not received proper service of Patriot's motion for a default judgment against BPS or Patriot's notice of a hearing on the outstanding motions. The motion further alleged that Arne Greaves had been out of the country for some period of time.

¶9. A hearing was held on October 17, 2017. Patriot and Aegis were represented by

3

counsel. Sebastian Greaves was also present. He told the court that Arne Greaves, his brother, was still out of the country. Sebastian denied that he, Arne, BPS, Livingston, or Kouga[1] had ever received proper service or notice of the pending motions or the hearing. He stated that they had only recently learned about the hearing and had not had enough time to hire a lawyer. Near the end of the hearing, the circuit judge stated,

> I'm going to take the motions for [default judgments] under advisement. I want to see the documents that were filed late and review those so I'm going to take that under advisement. If I need further argument or briefing, I will so advise the parties.

> On the motion for an order authorizing and directing [MDOR] to produce income tax returns, . . . I'm going to deny that subject to reconsideration at a later time. . . .

¶10. On December 18, 2017, before the court had entered a written order addressing any of Patriot's motions, Patriot filed a motion for recusal of the judge. In the motion, Patriot alleged that the judge had unnecessarily delayed in setting a hearing on Patriot's motions. Patriot also complained about difficulties and disagreements with the judge's staff attorney. Patriot further complained about the manner in which the judge had conducted the hearing and questions the judge had asked or not asked counsel or Sebastian Greaves during the hearing. Finally, Patriot criticized the merits of the judge's bench ruling on its motion for tax records. Patriot's motion ultimately asserted: "It appears to Plaintiff's counsel from the above stated actions, inactions and statements by the judge and his staff attorney that they have significant animosity toward Plaintiff's counsel, such that there is extreme prejudice against the Plaintiff." Patriot also complained that no written order had been entered on its

---

[1] BPS, Livingston, and Kouga all appear to be single-member LLCs.

motions following the hearing.

¶11.    On January 29, 2018, the circuit court entered an order denying Patriot's motions for default judgments, its motion for tax records, and its motion for recusal.  As to the issue of recusal, the judge found that plaintiff's counsel had been "unprofessional" and displayed "anger" and a "lack of respect" toward the judge's staff attorney.  The judge found that the motion for recusal was "without any factual or legal basis and was untimely filed."[2]

¶12.    On February 26, 2018, Patriot filed a notice of appeal from the court's order.  Patriot filed a brief on appeal but no other party did so.

## ANALYSIS

¶13.    "It is well settled that appeals . . . from the circuit court lie only from a final judgment." *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013) (quotation marks and brackets omitted).  "An appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment." *Id.* (quotation marks and brackets omitted).  "Generally, a final judgment is one that adjudicates the merits of the controversy and settles all issues between all parties." *Id.* "In other words, an order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quotation marks and brackets

---

[2] Uniform Rule of Circuit and County Court Practice 1.15 provides that a motion for recusal "shall . . . be filed . . . within 30 days following notification to the parties of the name of the judge assigned to the case; or, if it is based upon facts which could not reasonably have been known to the filing party within such time, it shall be filed within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted." URCCC 1.15.  The "facts underlying the grounds asserted" in Patriot's recusal motion dated back several months, and Patriot finally filed its motion sixty-two days after the hearing at which the judge allegedly demonstrated partiality.

omitted). "[T]he mere fact that an otherwise premature appeal may result in saving expense or delay does not allow an exception to this rule." *Id.* (quotation marks omitted).

¶14.    The order that Patriot is attempting to appeal is not a final judgment. To begin with, "an order that denies a motion for a default judgment under Mississippi Rule of Civil Procedure 55(b) is not a final, appealable judgment." *Deutsche Bank Nat. Tr. Co. v. Brechtel*, 81 So. 3d 277, 279 (¶12) (Miss. Ct. App. 2012); *see also* M.R.C.P. 55 advisory committee notes ("[A]n order denying a motion for a default judgment is interlocutory and not appealable."). The denial of a default judgment does not finally settle or resolve anything. The only result of the order is that the underlying matter remains pending— unresolved—on the circuit court's docket. *See Brechtel*, 81 So. 3d at 280 (¶14). If we were to consider "and affirm the [circuit court's] order, this case would not be over. Instead, it would be in the same procedural posture as if it were never appealed." *Id.* Because the denial of a motion for a default judgment is not a final judgment, an attempt to appeal therefrom must be dismissed.

¶15.    The denial of Patriot's motion for tax records also was not a final judgment. That ruling did not "adjudicate[] the merits of the [underlying] controversy," "settle[] all issues between all parties," or "end[] the litigation on the merits." *LaFontaine*, 110 So. 3d at 787 (¶8). It was simply an interlocutory ruling on a discovery matter. *See, e.g.*, *Powell v. McLain*, 105 So. 3d 308, 312 (¶10) (Miss. 2012) (recognizing that discovery rulings are interlocutory in nature); *Trilogy Commc'ns Inc. v. Thomas Truck Lease Inc.*, 733 So. 2d 313, 318 (Miss. Ct. App. 1998) (recognizing that a discovery order is not a final judgment); *see*

6

*also Mohawk Indus. Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) ("The rule remains settled that most discovery rulings are not final." (quotation marks and brackets omitted)). Accordingly, Patriot has no right to appeal from that ruling.

¶16.    Finally, while the denial of a recusal motion also is not a final judgment, Mississippi Rule of Appellate Procedure 48B does permit interlocutory review of a trial judge's denial of a motion for recusal.  However, Patriot failed to seek review within the time permitted by the rule or in the manner prescribed by the rule.  Rule 48B provides:

> If a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal, or if within 30 days following the filing of the motion for recusal the judge has not ruled, the filing party may within 14 days following the judge's ruling, or 14 days following the expiration of the 30 days allowed for ruling, seek review of the judge's action by the Supreme Court. A true copy of any order entered by the subject judge on the question of recusal and transcript of any hearing thereon shall be submitted with the petition in the Supreme Court.

M.R.A.P. 48B.  Here, after the circuit judge did not rule within 30 days of the filing of Patriot's recusal motion, Patriot failed to seek review "within 14 days following the expiration of the 30 days allowed for a ruling."  In addition, after the circuit judge denied Patriot's motion, Patriot failed to seek review "within 14 days following the judge's ruling." Finally, Rule 48B requires the party seeking review to file a "petition in the Supreme Court" along with a copy of the trial judge's order.  Patriot filed only an ordinary notice of appeal in the circuit court.  Thus, Patriot's attempt to appeal the denial of its recusal motion was both untimely and procedurally improper.

## CONCLUSION

¶17.    No final judgment has been entered in this case, and Patriot failed to file a timely

7

appeal from the circuit judge's denial of the recusal motion. Therefore, this Court lacks

appellate jurisdiction.

¶18. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE AND McCARTY, JJ., CONCUR. McDONALD AND C. WILSON, JJ., NOT PARTICIPATING.**